D. H. FRISBIE, ET AL., Appellees, v. A. E. CHASE, ET AL., Appellants.

Judgments: VACATION: FRAUD. A decree quieting the title to property in plaintiff was properly set aside, where it appeared that artifice amounting to fraud was practiced to prevent a discovery by nonresident defendants of the pendency of the action.

Same: PLEADINGS: SUFFICIENCY. Although the allegations of fraud as the basis of setting aside the decree were very general and indefinite, still as they were sufficient to comprehend the evidence offered in their support, no objection having been made thereto at the trial, the granting of relief was proper.

*Appeal from Pottawattamie District Court.*—HON. THOMAS ARTHUR, Judge.

SATURDAY, APRIL 12, 1913.

THIS is an action brought by several plaintiffs averring ownership of certain city lots in Council Bluffs, and asking to set aside a certain decree of the district court entered upon the petition of A. E. Chase, defendant herein, which purported to quiet the title of all said lots in the said Chase. The decree thus attacked was entered in September, 1906, and a decree supplemental thereto was entered in May, 1907. It is averred in the present petition that such decree and supplemental decree were obtained by fraud. The prayer of the present petition is for general, equitable relief, and that the former decree be set aside, and that the present plaintiffs be permitted to defend in such former action, and that the present and former action be consolidated for that purpose. The defense was, in effect, a general denial. The trial court set aside the former decree as having been fraudulently obtained, reserving the question of title to be hereafter tried on its merits.—*Affirmed.*

*Mayne & Green,* for appellants.

*Kimball & Peterson,* for appellees.

EVANS, J.—Excepting the Judsons, the plaintiffs are nonresidents. They were the alleged owners of certain 18 lots, in blocks 5 and 8, of Galesburg addition to Council Bluffs, and had been such for thirty or forty years. They had a resident

agent in Council Bluffs, who paid the taxes regularly upon such lots during the entire period. The lots were unimproved and covered to a greater or less extent with brush. No one ever contended with them for the privilege of paying the taxes; nor does it appear that their title was ever disputed until the bringing of the Chase suit. The facts immediately preceding the bringing of the Chase suit are as follows: One John Haile resided on the adjoining block 11. He claimed that for twenty years he had been in possession of blocks 5 and 8 also. He claimed also that he had an oral contract for their purchase with one Siedentoph, who held an alleged tax title on some of them. Haile was the real party in interest in the Chase suit. For the purpose of the suit, he made a conveyance of the property to A. E. Chase, who was a lady stenographer in the employ of Haile's attorney. She had no interest whatever in the property nor in the suit, and claimed none. She simply loaned the use of her name as an accommodation to her employer and his client, and for the same reason verified her petition to quiet title without the slightest knowledge of the truth or falsity of the allegations therein. After obtaining the decree she conveyed back the property to Haile and his attorney, and various conveyances were then put of record. The petition in that action averred adverse possession of both blocks 5 and 8 entire. Those blocks included 28 lots. The decree entered also covered, in terms, both blocks entire. Except Siedentoph, however, only nonresident and absent parties were made defendants, and the alleged ownership of these extended only to 18 lots. Resident parties who owned or claimed to own the remaining lots in the blocks were not made parties defendant. Siedentoph, the only resident, made no claim to the property, and had no apparent controversy with any one thereover. Haile knew the resident agent of the nonresident defendants, plaintiffs herein. The publication of original notice was made in a paper in Neola, a little town more than 20 miles distant from Council Bluffs.

It would be difficult, if not impossible, to discuss this case

fully without trenching upon questions which are yet to be heard upon their final merits. We are disposed, therefore, to avoid discussion at the present time. A careful reading of the record constrains us to hold with the trial court that there was actual, intentional artifice resorted to in the former suit to prevent a discovery by these plaintiffs, through their resident agent, of the pendency of attack upon their title, and that such artifice amounted to a legal fraud. The former decree was therefore properly set aside. The effect of such order is to open the case to a trial on its merits.

1. JUDGMENTS: vacation: fraud.

We do not overlook the fact that the petition herein is very general and indefinite in its allegations of fraud; but there was no attack upon it in the court below. At the close of the evidence the plaintiffs voluntarily filed an amendment, which added little, if any, to the original. The petition was sufficiently broad to comprehend the evidence introduced and to sustain the order entered by the court. Its lack of appropriate specification was as apparent at the trial below as it is now, and it was in no manner assailed.

2. SAME: pleadings; sufficiency.

The order of the trial court will be *Affirmed.*