LEE R. WILSON v. SAMUEL W. TUCKER, et al., Appel-
lants.

**Limitation of Actions:** STATUTE. The running of the statute of
limitations against a judgment recovered in 1863, at which time
the law authorized an action to be brought on a judgment at any
time within *twenty* years was not stopped by Code 1873, section
2521, providing that no action shall be brought on any judgment
in a court of record within *fifteen* years after its rendition with-
out leave of court, and section 47, providing that all previous act
revised in such Code or which are repugnant to its provisions are
repealed, subject to the limitations therein expressed, and section
50, providing that the repeal of existing statutes shall not affect
any right which has accrued in any civil cause before the time
when such repeal takes effect.

*Appeal from Lee District Court.*—HON. H. BANKS, JR.,
Judge.

THURSDAY, APRIL 7, 1898.

ACTION on a judgment. Judgment for plaintiff,
and the defendants appealed.—*Reversed.*

*McVey & McVey* and *John E. Craig* for appellants.

*M. J. Roberts* for appellee.

GRANGER, J.—I.   A motion by appellee to dismiss
the appeal is overruled.

II.   Plaintiff is the assignee of a judgment ren-
dered against the defendants, February 9, 1863.   This
suit was commenced November 20, 1895, on said judg-
ment.   It will be seen that more than thirty-two years
expired after the rendition of the judgment and before
the commencement of this suit.   The controlling ques-
tion in the case is as to the statute of limitations.
Appellee insists, in different ways, that the question
is not properly before this court, but we think it is.   In
our consideration of the case, dates are important
because of changes in the law as to the limitation of
actions since the judgment was entered in 1863.   Prior
to the taking effect of the Code of 1873, actions on judg-
ments in courts of record could be brought at any time
after rendition, for a period of twenty years.   The
language of the Revision in force from 1860 was: "The
following actions may be brought within the times
herein limited respectively after their causes accrue,
and not afterwards:   *   *   *   Those founded on a
judgment of a court of record   *   *   *   within twenty
years."   As a cause of action accrued on a judgment at
its date, in 1863, the statute of limitations commenced

to run on the judgment in question February ninth of that year, and had run more than ten years when the Code of 1873 was adopted, with the following provision as a part of section 2521 thereof: "No action shall be brought upon any judgment, against a defendant therein, rendered in any court of record in this state within fifteen years after the rendition thereof, without leave of court." Its effect is to prevent a cause of action accruing on a judgment for fifteen years after its rendition. If this section is applicable to judgments rendered before the section was enacted, some questions difficult of solution, are presented, as, is the statute of limitations, in its operation as to such judgments, suspended for fifteen years after the law took effect, to then commence running again? and, if so, what shall be the period that it shall then run? Is the ten years from 1863 to 1873 to be disregarded, or must it be counted as a part of the twenty years necessary to create the bar to an action? The following is a section of the Code of 1873, and is important in the determination of the question we are considering:

"Sec. 47. All public and general statutes passed prior to the present session of the general assembly, and all public and special acts, the subjects whereof are revised in this Code or which are repugnant to the provisions thereof, are hereby repealed, subject to the limitations and with the exceptions herein expressed."

It is not to be seriously questioned that the Code of 1873 so far changed the prior law as that causes of action on such judgments did not accrue at the date thereof, but in fifteen years thereafter; and the effect of section 47, above quoted, was to repeal the prior law in so far as it gave a right of action on a judgment from and after its rendition, unless such a result is avoided by the limitations or exceptions expressed in the act. Section 50 of the same Code is as follows:

"Sec. 50.   This repeal of existing statutes shall not affect any act done, any right accruing or which has accrued or been established, nor any suit or proceeding had or commenced in any civil cause before the time when such repeal takes effect; but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent."

As we have said, when the judgment was entered in 1863, the right was by law, given to the plaintiff to sue thereon at any time within twenty years.   It was an accrued right.   The general repealing clause of section 47 is, it seems to us, modified by section 50, so that it does not affect the right of action on judgments where the right of action accrued before the repealing act took effect.   That the right to bring an action is a right "accruing or accrued," within the meaning of the stat-ute under consideration, see *McDonald v. Jackson,* 55 Iowa, 37.   The reasoning of that case is also in line with our view.   In that case it was claimed that the effect of the statute of limitations, as enacted in the Code of 1873, was to extend the time for bringing an action on the note to ten years after the act took effect, where a part of the statutory period had run, as in this case. Speaking to the question of a right being affected under the provisions of section 50, it is there said: "Now, if the Code of 1873 is to extend the period of the statute of limitations to ten years from the taking effect of the Code, it is apparent that the right accruing or accrued is affected.   The right of the holder of the note is enlarged and the right of the maker of the note is abridged.   Under section 50 of the Code, this cannot be done."   The reasoning is applicable to this case.   If the repealing clause of the Code of 1873 is to change the law as to the right of the judgment creditor to bring suit, by arresting the operation of the law under which the judgment was taken, the effect is to enlarge or

abridge his rights, and the same is true as to the rights of the judgment debtor. It seems to us that an object of section 50 was to avoid such results, and leave the rights of parties to the operation of the law under which they accrued. The claim of appellee is that the effect of the change made in the law by the Code of 1873 is to extend the limitation period made on the judgment,— that is, the time in which suit may be brought on the judgment,—to thirty-five years from its date, instead of twenty years, and we hardly need say that, if such a claim is sustained, the rights of the plaintiff are enlarged, and those of the defendants are abridged. We conclude that the judgment in question is not affected by the provision of the Code of 1873 to the effect that actions shall not be commenced on judgments rendered in courts of record within fifteen years from the rendition thereof, and that a cause of action thereon is barred.

Counsel in argument have considered the effect of *Weiser v. McDowell*, 93 Iowa, 772, in which we held that, because of the provision of the Code of 1873 giving a right of action on judgments only after the expiration of fifteen years from the date thereof, the statutory period did not commence to run till the cause of action accrued. Appellee urges that the case is authority for his contention here, but we think not. It is true that in that case the jugment was entered before the Code of 1873 was adopted, but the question on which this case turns was not presented or considered in that case. The judgment sued on in that case was entered in November, 1871, and the defendant, who pleaded the statute of limitations, stated in his answer that "no action could have been brought on said judgment at any time prior to the 8th of November, 1886"; and the case was submitted and considered as one in which no right had accrued before the Code of 1873 took effect, but as a·

case unaffected by section 50 of that Code, which section we hold to be controlling under the facts relied on in this case. We are referred by appellee to authorities to the effect that the statute of limitations in force at the time the remedy is sought is the one to apply. We do not by our holding contravene that rule. We have simply determined what the effect of the statute in force is. The period of limitation was the same before the Code of 1873 as after. It is simply a question whether section 2521 of that Code suspended a right of action on a judgment where the right had already accrued, so that the statute of limitations did not commence to run for fifteen years. It is thought that there is no vested right under a statute of limitations until the period fixed has fully run and the bar is complete; nor is our holding against such a rule. We do not say that the right to bring an action in a given time is a vested right, in a legal sense. We need not determine that question. What we do say is that it is a right contemplated by section 50, and not to be affected by the repealing clause of the Code. It is a question of statutory construction to know the legislative purpose. The legislative authority to so make the law could not well be questioned, and we simply hold that it did so make it. The judgment is REVERSED.