DAVID F. HOLLY, Appellant, v. RICHARD HOLLY, Appellee.

**Guardianship:** APPOINTMENT IN VACATION. A judge of the court has authority under the statute to appoint a temporary guardian for an insane person, or an habitual drunkard incapable of managing his affairs; and the judge making the appointment may treat a subsequent application to annul the same, though addressed to the court, as an application to him as judge to be determined in vacation; as the mere setting aside of a temporary appointment is in no manner a trial on its merits for the appointment of a permanent guardian.

**Same:** VACATION OF TEMPORARY APPOINTMENT. Section 3222, providing that at any time not less than six months after the appointment, the person under guardianship may appply to the court or judge for a termination of the same, has reference to a permanent guardianship and not a temporary appointment; the latter appointment granted on an *ex parte* application may be set aside at any time.

**Same:** JURISDICTION: RESIDENCE. The evidence is reviewed and held to show that the ward for whom it was sought to have a guardian appointed was not a resident of the county in which the proceeding was pending, and the finding of the trial court to that effect was conclusive on appeal.

**Same.** A guardianship proceeding is *in personam,* and the court has no jurisdiction over an incompetent who is a resident of another county, and has no property within its jurisdiction for which it is essential that a guardian be appointed; and the mere fact that some person in the county held money belonging to the ward will not confer jurisdiction.

**Same:** CHANGE OF PLACE OF TRIAL. A guardianship proceeding is a special proceeding, to which the statute relating to the removal of a cause to the county of defendant's residence is not applicable.

*Appeal from Cherokee District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, NOVEMBER 14, 1912.

In a proceeding instituted in the district court of Cherokee county by a petition filed by the plaintiff, asking the appointment of a guardian for the defendant alleged to be incompetent to manage his affairs and addicted to the excessive use of intoxicating liquors, the judge of said court appointed Wm. Mulvaney temporary guardian for the defendant. On an application to set aside this appointment and cancel the letters issued on the ground that the defendant was, and for many years had been, an actual inhabitant and resident of Dubuque county, and not an inhabitant or resident of the county in which the proceeding was instituted, the judge, having considered affidavits in support of the application and in resistance thereto, found that the defendant was an inhabitant and resident of Dubuque county, and that in making the appointment the judge was without jurisdiction to do so and thereupon ordered that the appointment of Mulvaney, as temporary guardian, be canceled and annulled. The plaintiff appeals from this order.—*Affirmed.*

*Wm. Mulvaney,* for appellant.

*Walter P. McCulla* and *Kenline & Roedell,* for appellee.

McCLAIN, C. J.—The appointment of the temporary guardian for the defendant was made on plaintiff's application without any trial or final determination of the question whether, in fact, the defendant was a resident of the county of Cherokee in such sense as to authorize the appointment by the judge of a permanent guardian for him.

The ruling of the judge which is now complained of simply terminated the temporary guardianship, and presented no obstacle to the trial by the court of the question whether the defendant was, in fact a resident of the county, and was in fact so far incompetent as to justify the appointment of a permanent guardian for him. No issue, either of law or fact, was raised in the lower court on plaintiff's petition, so far as the appointment of a permanent guardian was applied for. It is true that the judge, in sustaining the application for the discharge of the temporary guardianship, announced his reason for doing so to be that the defendant was a resident of Dubuque county, and not of Cherokee county; but that conclusion was predicated wholly upon affidavits, and was not a finding in the final determination of the case. The plaintiff could have secured an adjudication on the allegations of his petition relating to the necessity for a permanent guardian, involving, of course, the question as to the residence of the defendant; but he did not see fit to do so. He has appealed only from the order discharging the temporary guardianship.

I. Under the provision of Code, section 3220, relating to an application for the appointment of a permanent guardian of the property of a person who is of unsound mind or an habitual drunkard incapable of managing his affairs, the judge of the court in which the proceeding was instituted may appoint a temporary guardian, and the appointment of Wm. Mulvaney as temporary guardian of the estate of the defendant was made by the judge of the court in pursuance of this authority. Thereupon the defendant asked the court to annul and set aside such appointment, presenting affidavits tending to show that the defendant was a resident of Dubuque county. This application was presented, however, in vacation to the judge of the court who had made the preliminary order, and said judge directed a hearing before him on affidavits of such application.

1. GUARDIANSHIP: appointment in vacation.

Although the application was addressed to the court, we have no doubt that the judge to whom it was presented was justified in construing it to be an application to him for an order such as is authorized by Code, sections 3831, 3846, to be determined in vacation. However this may be, no objection was made to him, nor is any objection now made, that he improperly placed such construction upon the application. The plaintiff appeared at the time designated, and presented counter affidavits as he was authorized to do by the court's order, and submitted to the determination of the judge the question whether the appointment of a temporary guardian should be set aside. It is plain that there was no attempt to secure a trial on the merits of the application for a permanent guardian and that no such determination was made.

It is not contended for appellant that the judge has not the authority in vacation to entertain an application to set aside the appointment of a temporary guardian made by him on a preliminary *ex parte* showing.

Such a determination is not a trial of the case on the merits of the plaintiff's petition for the appointment of a permanent guardian and the provisions of Code, section 3220, that either party may have a trial by jury in such a case has evidently no reference to the appointment by the judge of a temporary guardian or his action in dissolving such temporary guardianship.

II. The provision of Code, section 3222, that "at any time, not less than six months after the appointment of such guardian, the person under guardianship may apply to the court, or any judge thereof," for an order terminating the guardianship, evidently has reference to a permanent guardianship, and not to one which is temporary in its nature and only to continue until the propriety of appointing a permanent guardian can be decided in the method provided by law. There is nothing in the statutory provisions to war-

2. SAME:
vacation of
temporary
appointment.

rant the inference that a temporary guardianship granted
on an *ex parte* application can not be set aside until after
the expiration of six months. Neither the appointment nor
the discharge of a temporary guardian has any bearing
upon the trial of the question whether a permanent guard-
ian should be appointed.

III. Counsel for appellant assail the order of the
judge discharging the temporary guardianship on ,the
ground that the finding in the order from which they appeal
that defendant was a resident of Dubuque
county and that the court to which applica-
tion for the appointment of the guardian for
the defendant was made was without jurisdiction, was
erroneous; and, inasmuch as this question is discussed in
argument on both sides, it may, we think, be properly con-
sidered.

3. SAME:
jurisdiction:
residence.

Treating the finding of the judge as an adjudication
by the court on the question of its jurisdiction, it is suf-
ficient to say that on affidavits presented on each side the
judge may very well have found as a conclusion of fact
that the defendant was at the time the proceeding was in-
stituted not an inhabitant or resident of Cherokee county,
but, on the other hand, that he was and had been for at
least ten years an inhabitant and resident of Dubuque
county. It appears without substantial controversy that
about ten years before this proceeding was instituted the
defendant, a man without family, left Cherokee county,
and went to Dubuque county, where he voluntarily became
an inmate of St. Antony's Home for the Aged under an
arrangement by which he was to remain at said Home for
life, paying $3 per week for his board. His competency
to effect a change of residence and enter into such an ar-
rangement is not questioned in this proceeding, and, so far
as appears from the record, has never been questioned.
Since becoming an inmate of the Home defendant has voted
in Dubuque county and remained in that county, save for

temporary visits to Cherokee county; one of those visits being on the occasion of the funeral of his sister. It does not appear that on this or any other occasion of his visiting Cherokee county after becoming an inmate of the Home, he assumed or pretended to be a resident of that county, or that he did anything to indicate an intention to return to that county for residence. Under the showing, the trial judge could not very well have found otherwise than, as he did, that the defendant was not an inhabitant nor a resident of Cherokee county. In a law case the finding of the trial court or judge is as conclusive on us with reference to the facts as would be the verdict of a jury.

If the defendant was not an inhabitant nor a resident of Cherokee county, but, on the other hand, was an inhabitant and resident of Dubuque county, then the court had no jurisdiction to entertain the proceeding for the appointment of a permanent guardian for him. The proceeding is not *in rem,* but it is *in personam.* *Brown v. Lambe,* 119 Iowa, 404. In the case before us there is no pretence that there was property of the defendant within the jurisdiction of the court as to the management or disposition of which it was essential that a guardian be appointed. It was alleged that defendant had property in Cherokee county, consisting of money which he was incompetent to manage; but even this allegation was not supported by any showing that there was any sum of money belonging to the defendant in Cherokee county or in the custody of any person living in said county, and no effort whatever was made to bring any money or other property of the defendant within the jurisdiction of the court. The mere fact that some persons in Cherokee county held money belonging to the defendant would not in itself give the court of that county jurisdiction to appoint a permanent guardian for his property.

It is suggested that the lower court acquired jurisdiction, and that the remedy of the defendant, if the proceed-

ing was instituted in the wrong county, was to move for
its transfer to the county of his residence.

5. SAME: change of place of trial. It is plain, however, that the provisions of
Code, section 3504, relating to change of
place of trial in case an action is brought in the wrong
county, are applicable only to actions and not to special pro-
ceedings, such as those for the appointment of a guardian.
If such a proceeding is instituted in a court having no
authority to entertain it, no jurisdiction is conferred, and
the court must necessarily dismiss it:

The order discharging the temporary guardian is there-
fore—*Affirmed.*