CRAWFORD COUNTY et al., Appellants, v. ESTATE OF WILLIAM KOCK et al., Appellees.

No. 45024.

MARCH 12, 1940.

Robert K. Brannon, County Attorney, and Clark & Clark, for appellants.

Frank Porter and T. J. Mahoney, for appellees.

SAGER, J.— Appellants divide their argument into sev-

eral divisions but there are only two questions involved. Plaintiffs urge that the district court of the county in which the deceased had his residence at the time of his death had exclusive jurisdiction to appoint an administrator. This may not be denied. Section 10763, Code of 1935. As incidental to this contention it is said that the petition for the appointment did not recite the place of residence of Kock. No form of petition for the appointment of administrator is provided for by statute. Section 11883, Code of 1935.

It is urged by appellees that the plaintiffs are not such parties in interest as to entitle them to be heard. They cite Finnerty v. Shade, 210 Iowa 1338, 228 N. W. 886, and other cases as sustaining this contention. In these cases the complaint of invalidity of the appointment was made by debtors to the estate, and it was held that they were not in a position to challenge the appointment. It is urged further that neither of the plaintiffs were creditors in such sense that they had a right to question this appointment. The trial court held against appellees on this contention. We hold that the trial court was right.

It is sufficient to say that appellant Kastner admittedly made a claim against the estate. The argument that because he was said to owe the estate more than he was entitled to receive from it is not persuasive. Until it was determined in a proper proceeding as to whether or not there was due Kastner anything from the estate, there was no one who could say that he had no claim. He was asserting an indebtedness due to him which was admitted except for an offset and that was sufficient to give him a standing in this cause. The question of the validity of the claim itself was not before the court in this proceeding, nor could it be.

The real issue in the case was whether Kock died a resident of Boone or of Crawford county. The trial court found it to have been in the former, and sustained the appointment made there. We do not feel called upon to analyze the authorities cited. Our views upon the principles involved have been stated with such directness in In re Estate of Rowe, 179 Iowa 541, 161 N. W. 626, and In re Estate of Titterington, 130 Iowa 356, 106 N. W. 761, as to require no elaboration. This opinion decides nothing of interest to others than the parties and we

purposely abbreviate the statement of facts.

Kock was born and grew up in Boone county, and his life centered about the place of his birth and vicinity. One of his brothers was willed the home place and continued to live there after the parents died. Intestate never married and as a consequence, never established a home in the ordinary sense. We are thus lacking in one of the usual helps to determine his intentions with reference to his domicile. He retained a room in the house on the family homestead, and there kept some furniture and clothing. It was from this place his grave clothes were taken for his burial. He lived for the most part from 1922 to 1934 in Ida county. He stayed with his brother, the defendant, for periods of varying duration. He had paid part of the cost of building a machine shed which served as a shop for him on the home place at such times as he stayed with that brother. He had a sister, and brother besides the defendant, living in Ida county and he spent some time with them. He was a good mechanic and it was his practice to repair machinery, principally tractors, and to do other work for the neighbors in the vicinity in which he happened to be at the time. He was a good worker and was welcome wherever he stopped.

In 1934 he left Ida county and in that year made an arrangement whereby he was to stay at Kastner's place, and have the use of a part of the machine shed for a shop. For this he agreed to pay $500 per year. This agreement forms a part of Kastner's claim against the estate. At the Kastner place, Kock continued his repair work as he had previously done in Ida and Boone counties. He also did some other work about the farm as was his habit at other places where he stopped. It was his custom to make yearly trips to Calhoun county in threshing season, and he sometimes visited his sister in Minnesota after she removed from Ida county.

While staying at Kastners, he voted at a school election, and this is urged as evidence that Crawford county was his domicile. This admittedly is not conclusive; and according to defendant he had some misgivings about this vote, that he had been coaxed into it by someone in the heat of a school contest. The record discloses no statement or declaration of where he considered his domicile to be. He spoke of Boone

county as his home although this may have been, as argued by appellants, a natural expression of one referring to a place of his birth. Be that as it may, it was in Boone county he was born and grew up. There lived his brethren and there were the only family ties that bound him. No other place had any claim on him except for convenience or profit. He had considerable money in Ogden banks although he had some on deposit in Crawford county. He had investments in Ogden and told the banker from time to time he would be coming home to look after his affairs in that vicinity. We do not overlook the fact that the greater part of the time from 1934 when Kock went to Kastners until his death in 1938 was spent in Crawford county; that he was well satisfied with his treatment at the Kastner home. But his manner of living and of working was as it had been wherever he happened to be staying. True, he spent more time there than at other places after he left Ida county; but as stated above, he was staying there under an agreement by which he was paying for his keep and for a part of a machine shed to be used as a shop.

Other circumstances appear in the record which lend some support to appellants' contention but to weigh and compare them would extend this opinion to an undue length. We have given the record careful consideration and are persuaded that the decree of the trial court should not be disturbed. No one is complaining of this appointment except these plaintiff-creditors. They have nothing to lose by presenting their claims to the administrator in the Boone county district court. The fear of Crawford county that the finding that Boone county was the residence of decedent would destroy its claim for taxes is obviated by the decree. It was there expressly provided that the holding of residence at the time of death in Boone county ''shall not be construed as any adjudication upon any demand by Crawford County for omitted tax payments, or as any finding upon the question of which county is entitled to any personal property taxes accruing against the decedent in his lifetime.''

The decision of the lower court was right, and it is affirmed.—Affirmed.

All JUSTICES concur.