MABYL CAMPBELL, Appellee, v. MARY M. BRUCE, Appellant; G. C. GREENWALT, Treasurer, et al., Appellees.

No. 45800.

MAY 5, 1942.

C. S. Missildine and T. C. Jones, for appellant.

Clarence I. Spencer, for appellee Mabyl Campbell.

Francis J. Kuble and Howard M. Hall, for appellees G. C. Greenwalt, Treasurer, and Polk County.

HALE, J.—The plaintiff, on July 18, 1940, filed her petition in equity, asking to have the title quieted to Lot 285, Watrous Park, Plat 2, a part of the city of Des Moines, and alleging that the plaintiff had tendered the statutory amount for a quitclaim deed, which had been refused by the defendant. There was a general denial by Greenwalt, Treasurer of Polk County, and by Kuble, the county attorney, for Polk County. The answer of Mary M. Bruce was a general denial, and alleged that the taxes for which the property was sold at the tax sale in May 1935,

purported to be delinquent taxes and were not carried forward on the 1934 tax list, and these taxes had ceased to be liens on the property at the time of the sale and the tax sale thereof was void and the deed thereunder transferred no title to the plaintiff; and by later amendment further alleged that the acts of the Forty-eighth General Assembly, in passing what are now known as sections 10398.2 and 7295.1 of the 1939 Code [chapters 251, section 1, and 213, section 1], was not constitutional, and was in violation of section 1 of the fourteenth amendment to the Constitution of the United States and section 9 of Article I of the Constitution of the State of Iowa, as depriving the defendant of her property without due process of law. In reply plaintiff alleged that this action was brought after November 1, 1939, and the tax sale was held prior to January 1, 1936, and therefore the defense pleaded was barred by the statute of limitations, and asserted that the tax sale had been fully and completely legalized.

Decree was entered quieting title in plaintiff, and the defendant Mary M. Bruce appeals.

The Treasurer of Polk County, on May 6, 1935, held an adjourned tax sale, which sale had commenced on the first Monday in January 1935. This sale was under the provisions of chapter 83, Acts of the Forty-sixth General Assembly, known as the Public Bidder law. Certificate of sale was issued to Polk County, which certificate was assigned to Mabyl Campbell on December 21, 1936. Notice to redeem from the tax sale was served August 3, 1936, on Mary M. Bruce, the defendant. Thereafter, on January 18, 1937, a tax deed was issued to plaintiff.

In a former action, on April 23, 1937, Mary M. Bruce filed in the district court of Polk county her petition against Mabyl Campbell, asking that she be permitted to make redemption from the tax-sale deed, alleging that the taxes had not been carried forward on the treasurer's books, and offering to reimburse Mabyl Campbell in the event the tax deed was set aside. Mabyl Campbell filed answer and cross-petition in that suit, claiming to be the absolute owner of the property, denying that Mary M. Bruce had any right, title, interest, or claim in the real estate; claiming further that the tax deed was legally and lawfully

issued, and asking in her cross-petition that the title be quieted in her. Decree was entered January 23, 1939, in the district court of Polk county, in the case of Bruce v. Campbell, which provided that Mary M. Bruce be permitted to redeem the real estate in controversy from the tax sale and tax deed on payment of $220.44, to be paid on or before February 10, 1939, and the court retained jurisdiction of the cause for the purpose of issuing further decree regarding the title to the property. An application was made for extension of time, which was overruled on July 18, 1940, and there was no further decree in the case. On the same day, July 18, 1940, Mabyl Campbell (defendant in that action and plaintiff in this) dismissed her cross-petition without prejudice.

There was no appeal taken from the decree in the case of Bruce v. Campbell, and such decree was never set aside or annulled. On the date of her dismissal of the cross-petition in the former case Mabyl Campbell filed her petition in this cause. Defendant Mary M. Bruce, at the time of the tax sale, was the owner of the property. At the trial in the present case she offered to pay to the plaintiff the amount necessary to redeem from the tax sale, including delinquent taxes and interest at 6 per cent. The taxes for which the property was sold were the general taxes for 1932 and 1933, and special taxes for 1931, 1932, and 1933. These general taxes for which the property was sold on May 6, 1935, were not carried forward on the 1934 tax list at the time of the tax sale. Such taxes were not entered on the 1934 tax list until some time between January 5 and January 31, 1936. After the deed, Mabyl Campbell, the purchaser, took possession of the real estate, rented it, and paid the taxes each year. The defendant Mary M. Bruce has at no time paid any amount, as was decreed by the court in the former case (that of Bruce v. Campbell), nor anything by way of tender.

Section 7193, Codes, 1931, 1935, is as follows:

"The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered it shall cease

to be a lien upon the real estate upon which the same was levied, and upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid.''

■ It is undisputed that the burden of proof is upon the plaintiff to establish the validity of her title. To the defendant's assertion that the purported tax sale and the deed issued pursuant thereto were both invalid and the taxes had ceased to be liens on the property because the amounts of the delinquent taxes were not carried forward and entered on the 1934 tax list prior to the purported sale, plaintiff replies that the deed is valid, that the failure to carry forward and enter on the tax list the unpaid taxes is not a discharge or payment of the taxes, that the omission by the treasurer was a mere irregularity which rendered the sale voidable and not void, and that advantage should have been taken of it by the defendant before the expiration of the limit fixed by law; that section 7193 of the Code does not require the county treasurer to carry forward unpaid delinquent special taxes on the tax books, but applies only to unpaid general taxes. It would be true that, in the absence of any limitation, a failure to carry forward the general taxes from year to year would render the sale invalid, under the provisions of section 7193 of the Code, so far as the general taxes are concerned.

■ But this sale was not made for the general taxes alone, but was for special assessments, to which section 7193 does not apply. Section 7193-d5, Codes, 1931, 1935, which is the same as section 7193.05, Code, 1939, provides:

''Nothing contained in sections 7145 and 7193 shall apply to special assessment levies.''

These assessments and general taxes were all included in the amount for which the sale was made, and it is authorized by section 6037 of the Code that sales may be made for unpaid special assessments the same as for general taxes. See Fleck v. Duro, 227 Iowa 356, 366, 288 N. W. 426, 431, where it is said:

"There is no prohibition in the statute against including delinquent special assessments in a tax sale."

Therefore, assuming that the failure to carry forward does invalidate the sale so far as that tax is concerned, there was a part of a sale, at least, which was valid and under which the plaintiff could acquire a right. We do not think it necessary further to discuss the question of the validity of the sale under the provisions of Code section 7193.

Defendant further urges that, the tax sale being invalid, the owner of the property has the right to make redemption from the tax sale. But, as we have seen, there had previously been a trial involving issues which were the same as those in this case. The defendant herein (plaintiff in the former case) had, by the decree in that case, been permitted to redeem the real estate from the tax sale and tax deed involved herein, on the payment of $220.44, which the court required to be paid on or before February 10, 1939. So far as the plaintiff in that case was concerned the decree was final. The cross-petition of the present plaintiff (defendant therein) had been dismissed and the judgment rendered thereon was complete. The permission to redeem was never taken advantage of, and under the decree the plaintiff took possession of the property and has held it ever since. In the present action defendant now offers to do equity, but we must hold that, having failed to comply with the former decree within the time fixed by the court, her present offer to reimburse the plaintiff can be of no avail to her. The former decree stands in her way as res adjudicata. In effect, it determined her rights, and, after this lapse of time, with no appeal taken from the original decree, she has lost her right of redemption. It may be considered that she is now estopped.

We think there is another reason why defendant cannot now assert or claim any further right. Chapter 213, section 1, Acts of the Forty-eighth General Assembly, which took effect April 15, 1939, and is now found in the Code of 1939 as section 7295.1, provides:

"From and after November 1, 1939, no action shall be brought or defense made attacking the validity of a tax sale or a deed issued pursuant thereto which said tax sale was held

prior to January 1, 1936, * * * on the grounds of the failure of the County Treasurer to comply with section seven thousand one hundred ninety-three (7193) or section seven thousand two hundred fifty-nine (7259), both of the Code of Iowa, 1935, unless the owner thereof was at the time of the said sale a minor, insane person or convict in the penitentiary; * * *.''

There is further provision that the section shall not be applicable to actions brought or defenses made by a holder of a special assessment, if the same continues to remain a lien notwithstanding a tax deed.

The Forty-eighth General Assembly also, in chapter 251, section 1, which took effect April 28, 1939, and is now known as section 10398.2 of the Code of 1939, legalized certain tax sales. It provided that:

''In all instances where a county treasurer heretofore conducted a tax sale at the time provided in section seven thousand two hundred fifty-nine (7259) or section seven thousand two hundred sixty-two (7262), both of the Code of Iowa, 1935, sales made at such tax sale or any adjournment thereof shall not be held invalid by reason of the failure of the county treasurer to have brought forward the delinquent tax of prior years upon the current tax list in use by the said county treasurer at the time of conducting the sale, or by reason of the failure of the county treasurer to have offered all the property unsold before each adjournment of said sale and said tax sales are hereby legalized and declared valid notwithstanding the provisions of section seven thousand one hundred ninety-three (7193) and section seven thousand two hundred fifty-nine (7259), both of the Code of Iowa, 1935, provided the delinquent taxes for which the said real estate was sold had been brought forward upon the current tax list of the year preceding the year in which the said tax sale was conducted.''

There is also a provision as to the tax sale so legalized and validated not affecting a special assessment if the same continues to remain a lien notwithstanding a tax deed, as provided in the former section. These provisions of the statute would certainly conclude the defendant, unless, as the defendant claims, they are unconstitutional.

 Defendant argues that these sections distinguish between the owner of the property and the lienholders, by legalizing a previously invalid tax sale in the one case, but not as to the special assessment holder; that the tax deed must be good as to all parties or it must be invalid as to all parties; further, that these sections arbitrarily divest the title or right of an owner of property who holds a vested right therein, in contravention of section 1 of the fourteenth amendment to the Constitution of the United States and section 9 of Article I of the Constitution of the State of Iowa, being the due-process clauses. Defendant claims that the sections are discriminatory and seek to bar the rights of one class of persons while protecting the rights of another. Defendant, however, does not deny the right of the legislature, or its power to enact retrospective or retroactive laws, but claims that such laws would be void if they interfered with vested rights. The difference between the two classes is that in the one case the holder of the special-assessment certificate is not bound to pay the taxes on the real estate; it is the duty of the holder of the title to pay the taxes. The defendant is not a lienor, but holds title, and so holds only when she does her legal duty in paying the taxes lawfully assessed against such property. The period of limitation limits the right to bring an action or make a defense to November 1, 1939. Since the law took effect on April 15, 1939, there was a period from that date until November 1, 1939, within which defendant had the privilege to assert her rights. Such limitation, where a reasonable time is preserved to the parties affected, has often been held to be constitutional.

In Berg v. Berg, 221 Iowa 326, 329, 264 N. W. 821, 823, which involved the question of the shortening of the time for the enforcement of certain judgments, the court held that as to certain judgments the reduction of time did not constitute prohibited class legislation. The court said:

"So long as reasonable opportunity is afforded, there is no offense against the constitutional provision. In Turner v. State of New York, 168 U. S. 90, 18 S. Ct. 38, 40, 42 L. Ed. 392, the Supreme Court of the United States said: 'It is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable

time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute, and before the bar takes effect.' ''

See, also, cited in the Berg case, Gilfillan v. Union Canal Co., 109 U. S. 401, 3 S. Ct. 304, 306, 27 L. Ed. 977; Wooster v. Bateman, 126 Iowa 552, 554, 102 N. W. 521, 522. The court, in the Berg case, further says:

''The statute in question places a two-year limitation upon the time during which judgments which come within the provisions of the act must be enforced. As to judgments which were rendered before its passage, the act recognizes that the two-year period may have run or so nearly run that some special provision should be made to enable such holders to enforce their judgments. So the act provides that it shall not become effective as a bar to the enforcement of judgments until January 1, 1934, nearly nine months after its passage. No claim is made that the further time thus provided for the enforcement of such judgments is not a reasonable time.''

In the instant case the period would appear to us to be ample for the assertion of any rights which the defendant may have had, even assuming that such rights were not determined by the previous action and decree of the district court.

We are satisfied that whatever rights the defendant Mary M. Bruce may have had in the property in question have been lost; that, even assuming that the sale was partially invalid, the said defendant has failed to take advantage of any rights which she may have had; that she is barred by the ruling of the trial court in her former action, having failed to assert the right of redemption thereunder granted to her within the time when such redemption may be made, and that the issue in this case has been determined by the former action which we hold to be res adjudicata; and that, also, she has no right under the provisions of Code section 7295.1 to make a defense such as she makes here; that such act is constitutional, not being class legislation or depriving her of her property without due process of law. We think the ruling of the district court was right, and the case is, therefore, affirmed.—Affirmed.

All JUSTICES concur.