IN THE MATTER OF THE ESTATE OF CASS L. HALL.

No. 46324.

Clarence I. Spencer and Everette Brown, both of Des Moines, for appellant.

Talbott & Talbott, of Brooklyn, for appellee.

HALE, J.—Cass L. Hall died intestate June 8, 1941. On June 14, 1941, Lois M. Arvidson, his daughter and only heir, filed a petition for appointment as administratrix in the office of the clerk of the district court of Poweshiek county, and on the same day was appointed as administratrix by the clerk of the district court and filed her bond. She gave notice of appointment by publication, the first publication being June 19th and the last July 3, 1941. On the 21st of March 1942, there was filed the report of the administratrix, and on the same day order was made by the probate court approving such report and directing payment of certain claims and costs recited therein. Two days later, on March 23d, Minnie Fultz filed an application to remove the administratrix, alleging that Cass L. Hall was at the time of his death a resident of Des Moines, Polk County, Iowa, and that the appointment in Poweshiek county was voidable and without authority of law, and made under the claim by the administratrix that deceased was at the time of his death a resident of Poweshiek county. The application asked that Lois M. Arvidson be removed as administratrix and required to account for the property in her hands. The application further stated that Minnie Fultz was a resident of Polk county and the deceased was indebted to her for personal services and she was therefore a creditor of his estate. Said application asked that the same be set for hearing and the court prescribe notice thereof. Later the application was amended, asking for the cancella-

tion of the appointment of Lois M. Arvidson and for transfer of the probate proceedings to Polk county. On June 9, 1942, Minnie Fultz filed her claim in the estate in the sum of $825 with interest, for work and labor performed for the deceased, and notice was given to the administratrix of such claim. To this claim administratrix filed a motion to dismiss on the ground that the claim was filed more than six months after the passage of the act requiring claims to be filed within the period of six months. [Chapter 301, Acts of the Forty-ninth General Assembly.] She also filed motion to dismiss the application of Minnie Fultz to remove the administratrix, for the reason that applicant was not entitled to the relief demanded because the question of jurisdiction of the district court of Poweshiek county had been adjudicated and the applicant had not appealed from said adjudication; that the application failed to show that applicant had any interest in the estate of decedent which entitled her to attack such adjudication, and showed affirmatively that it was a collateral attack on said adjudication and there was no legal ground for the removal of the administratrix. Upon hearing, both motions were sustained and the applicant, Minnie Fultz, elected to stand on her application and claim. From the orders of court sustaining the motions to dismiss this appeal is taken.

I. Was the court right in sustaining the motion to strike appellant's application? It has consistently been held by this court that the appointment of an administrator in a county not of decedent's residence is not void but voidable. See Brown v. Tank, 230 Iowa 370, 374, 297 N. W. 801, 803, following In re Estate of Kladivo, 188 Iowa 471, 476, 176 N. W. 262, 264, and quoting therefrom:

" 'The doctrine that administration granted in a county other than that of decedent's residence at the time of his death is voidable, rather than void, tends for conservatism, and will avoid largely the evil consequences which might follow in the wake of a different conclusion.' "

See, also, In re Estate of Riese, 230 Iowa 397, 297 N. W. 796, and cases cited therein. Being voidable, rather than void, the appointment cannot be questioned by collateral attack but

only by direct attack. See the above cases. The question then remains, Does the record show a direct or collateral attack upon the appointment?

The original application prayed only that Lois M. Arvidson be removed as administratrix and be held to account to a properly appointed representative in the district court of the state of Iowa in and for Polk county, and asked hearing thereon. But the amendment thereto asks the cancellation of the order appointing Lois M. Arvidson and for the transfer of the probate proceedings to Polk county, in addition to the removal of the administratrix and an accounting. This petition as amended constitutes a direct attack upon the judgment of the court appointing the administratrix. See In re Estate of Douglas, 140 Iowa 603, 117 N. W. 982; Wood v. Wood, 136 Iowa 128, 113 N. W. 492, 12 L. R. A., N. S., 891, 125 Am. St. Rep. 223; and Stewart Lumber Co. v. Downs, 142 Iowa 420, 120 N. W. 1067, 29 L. R. A., N. S., 1190, 19 Ann. Cas. 1100. In the latter case it is said a direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution, either in the same or in a proceeding instituted for that purpose, citing cases. See, also, 34 C. J. 520, section 827.

Since we hold that the proceeding here is a direct attack, the question arises whether or not appellant is entitled to attack the proceedings in Poweshiek county. Appellee urges that the claim of appellant was not filed in time and therefore she has no standing to deny the validity of the proceedings herein. As the record stands, appellant is, or claims to be, a creditor of the estate, and under our holdings such creditor may question the validity of an order appointing an executor or administrator, especially if he do so on the ground of fraud or mistake; and the application herein on its face asserts that there was at least a mistake in the residence of decedent. See Stewart Lumber Co. v. Downs, supra, on the proposition that a stranger to a judgment may impeach it for fraud or mistake.

In the case of Crawford County v. Kock's Estate, 227 Iowa 1235, 1236, 290 N. W. 682, a county asserting a claim and an individual claimant were creditors of the estate. It was argued that neither of the plaintiffs was a creditor in the sense that he had the right to question the appointment, and the court said:

"It is sufficient to say that appellant Kastner admittedly made a claim against the estate. The argument that because he was said to owe the estate more than he was entitled to receive from it is not persuasive. Until it was determined in a proper proceeding as to whether or not there was due Kastner anything from the estate, there was no one who could say that he had no claim."

Appellee argues that if the estate should be removed to Polk county, under section 11829 of the 1939 Code, appellant would not be entitled to relief because no benefit could accrue to anyone by such transfer. Such an assertion was made in Crawford County v. Kock's Estate, supra, but it determined no issue in the case. In that case the real issue was whether Kock died a resident of Boone or Crawford county. Likewise, the issue in this case is whether or not decedent was a resident of Polk or Poweshiek county. As a creditor, under the claims made in the record, appellant was a proper party.

Parties are not permitted to have letters of administration granted merely by agreement nor by mere acquiescence. Such a rule would open up a vast field for irregularity and fraud. The statute requiring administration in the county of decedent's residence is not only obligatory in its terms but is a valid and just provision of the law.

Appellant was entitled to a hearing on the question of the validity of the appointment and the right of removal to Polk county. Various reasons are assigned by appellant why the order of court appointing the administratrix in Poweshiek county should be set aside. This is an attack on the right of the court of that county to make the appointment. It is not merely a petition for the removal of the administratrix, but a denial of the right or venue of the court to make the order of appointment. See section 11829, Code of 1939. It is direct in its nature and sufficiently complies with the provisions of the Code. There is no mere irregularity, but a question of whether or not a mistake was made in the venue.

Nor do we agree with appellee that appellant is barred or estopped by the mere filing of the claim and that by so doing she has waived the question of jurisdiction of the court in which

the administration was pending. At the most it was an assertion that she was a creditor, and we do not think that it amounted to a recognition of the validity of the appointment in Poweshiek county. The validity of a claim must be determined in the proper proceedings in the proper court. So far as the right to a hearing on the question of the proper appointment, we hold that the motion to strike should have been overruled.

■ II. We are not concerned in this proceeding as to the allowance of the claim. Whether or not such claim was filed within the statutory period is material here in only one respect. It is urged by appellee that, not having filed her claim within the statutory limitation, appellant has no right here to assail the judgment of the court or its jurisdiction. Originally, and until the session of the Forty-ninth General Assembly, section 11972 of the Code provided that claims must be filed within one year. This section was amended by chapter 301 of the Acts of the Forty-ninth General Assembly, so that since such enactment the section, as amended, reads:

"All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."

There was no publication clause in the amended statute and therefore such amendment went into effect July 4, 1941. Appellant urges that a statute will not be construed to be retroactive unless it is the intent of the legislature to make it so and such intent is clearly expressed therein. This, of course, is true. And in another division appellant urges that the statute, which by its terms would cut off existing rights instanter, will not be applied to rights then accrued unless by the terms of the statute a reasonable time is given in which to protect them. The statute in this case, though enacted in April, was not effective until July 4th. Our most recent pronouncement on that subject is in the case of Gaynor v. Magoun, 229 Iowa 134, 294 N. W. 256, citing Johnson v. Keir, 220 Iowa 69, 261 N. W. 792; Berg v. Berg, 221 Iowa 326, 264 N. W. 821; and Johnson v. Leese, 223 Iowa 480, 273 N. W. 111. In all of these cases the question

of the effect of a legislative act which reduced the existing statutory period of time within which a judgment may be enforced, is fully discussed, and it is held that, since there is accorded to the holders of such judgments a reasonable time before the reduced time becomes an absolute bar, it is not violative of the federal constitutional prohibition of the impairment of contracts by legislation, and also is not violative of the due-process clause of the Federal Constitution. Cited in the Berg case, supra, is the case of Wooster v. Bateman, 126 Iowa 552, 554, 102 N. W. 521, 522, in which the court said:

"That the Legislature may amend a statute of limitations, either shortening or extending the time within which an existing cause of action may be barred, without violating the constitutional prohibition against the passage of any law impairing the obligation of contracts, if a reasonable time is given for the commencement of an action before the bar takes effect, is settled by the united voice of authority."

In all these cases, however, a reasonable time was given by the statute within which to present a claim or institute action therefor. See, also, Campbell v. Bruce, 231 Iowa 1160, 3 N. W. 2d 521. There was no such time given by the statute here in question. In the instant case, the statute amending the previous statute and reducing the time for filing claims to six months was approved April 9, 1941, but did not go into effect until July 4, 1941. In the meantime, however, the estate was opened and notice given at the time when the previous statute was in force, and the claim was filed June 9, 1942, within the time provided by the law in force at the time of the opening of the estate. What rights appellant had, including the right to file her claim within one year, had accrued previous to the taking effect of the statute. The first subdivision of section 63, Code of 1939, giving the rules for construction of statutes reads as follows:

"The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

It is plain that there was not only a right which had ac-

crued to the appellant but that the proceeding had been commenced; and hence her rights thus accrued were unaffected by the repeal and shortening of the period for filing claims. As bearing on this subject, see Wilson v. Tucker, 105 Iowa 55, 74 N. W. 908; Norris v. Tripp, 111 Iowa 115, 82 N. W. 610; and McDonald v. Jackson, 55 Iowa 37, 7 N. W. 408. We must hold that the limitation imposed by the statute did not apply to the claim in question.

We are satisfied that appellant was entitled to have her application for transfer and her claim heard and determined, and the cause should be, and is, remanded for that purpose.—Reversed and remanded.

All JUSTICES concur.