In the Matter of the Conservatorship of
Donald T. **LENZ**, Voluntary.

No. 55041.

Supreme Court of Iowa.

Sept. 19, 1972.

James H. Carter, Cedar Rapids, for conservator-appellant, D. Dean Lenz.

George C. Claassen, Cedar Rapids and Carl F. Becker, Mount Vernon, for ward-appellee, Donald T. Lenz.

MOORE, Chief Justice.

Conservator, D. Dean Lenz, appeals from lower court's order annulling his appointment on the ground the proceeding had been instituted in a county other than that of ward's residence. We affirm.

Following a slight stroke or brain hemorrhage, Donald T. Lenz was taken from

his home in Johnson County to St. Luke's Methodist Hospital in Cedar Rapids, Linn County, Iowa, on March 1, 1971. He there executed a voluntary petition for conservatorship. It contained no statement regarding residency. It was filed in Linn County District Court on March 8, 1971. His son, D. Dean Lenz, also a Johnson County resident, was appointed conservator. A subsequently filed inventory showed the situs of the substantial assets, both real and personal property, was in Johnson County.

Mr. Lenz was released from the hospital on March 19. He stayed briefly at a nursing home and about April 19, 1971 returned to his dwelling house in Johnson County which he had occupied for at least six years prior to his hospitalization.

On May 3, 1971, Donald T. Lenz filed a petition to set aside appointment of conservator and to terminate the conservatorship. As amended his petition alleged he was not competent to make a voluntary petition at the time he signed the same, his mental and physical condition had substantially improved since the opening of the conservatorship, and the Linn County District Court lacked jurisdiction because he was at all times involved a resident of Johnson County.

By agreement of counsel the latter issue was submitted to the lower court under rule 105, Rules of Civil Procedure. Evidence was submitted by the parties which established the facts set out above. The lower court in Linn County found Donald T. Lenz was at all times a resident of Johnson County and therefore the exclusive jurisdiction of the conservatorship was in that county. The court thereupon declared the conservatorship to be of no force or effect and terminated same. The conservator's request to transfer the proceeding to Johnson County was refused and denied.

On this appeal conservator asserts the lower court erred in terminating the conservatorship and refusing to transfer it to Johnson County.

As pertinent, Code section 633.12 provides: "The court of each county shall have original and exclusive jurisdiction * * * to appoint conservators * * * of residents of the county."

I. Code section 633.12 clearly grants original and exclusive jurisdiction to appoint conservators to the district court of the ward's residence. The evidence is undisputed Donald T. Lenz was at all times involved a resident of Johnson County.

We say in In re Estate of Hall, 233 Iowa 1148, 1152, 11 N.W.2d 379, 381, "The statute requiring administration in the county of decedent's residence is not only obligatory in its terms, but is a valid and just provision of the law." So it is with section 633.12.

II. On direct attack by the ward the district court properly annulled the order of March 8, 1971, and refused to transfer the proceedings to Johnson County. Holly v. Holly, 157 Iowa 584, 589, 590, 138 N.W. 445, 447; In re King's Estate, 105 Iowa 320, 325, 75 N.W. 187, 189; Orcutt v. Hanson, Ex'x, et al., 71 Iowa 514, 518, 32 N.W. 482, 484.

Our order staying the lower court's order during this appeal is withdrawn.

Affirmed.

All Justices concur.