IN RE ESTATE OF MATHEW RIESE.

W. L. HAESEMEYER, Executor, Appellee, v. FRED MAHLOW, Special Administrator, et al., Appellants.

No. 45578.

MAY 6, 1941.

Mills, Hewitt & Diltz, for appellants.

E. E. Bachman and Donnelly, Lynch, Anderson & Lynch, for appellee.

WENNERSTRUM, J.—Mathew Riese died testate on March 2, 1940. On March 6, 1940 his last will and testament was filed

for probate in the office of the Clerk of the District Court of Marshall County, Iowa, an affidavit of deceased having been filed in that court on or about the time of the filing of the will for probate. Thereafter, on March 23, 1940, notice having been given of the petition for the probate of the will, an order was entered admitting the will to probate and W. L. Haesemeyer, who was named executor in the will, was issued letters testamentary and he entered upon the administration of the estate and is now so acting.

Anna Mahlow, one of the appellants, is a twin sister of Mathew Riese, the decedent. On the 17th of April, 1940, she filed with the Clerk of the District Court of Story County, Iowa, an application for the appointment of a special administrator of the estate of Mathew Riese, wherein she states in part:

That she is the sister and next of kin of Mathew Riese, deceased, and that at the time of his death he was a resident of Story County, Iowa; that he left no surviving spouse; that she is advised that the deceased left a will which has been filed for probate in the District Court of Iowa in and for Marshall County, Iowa; that said will has been admitted to probate and that an executor has been appointed; that said executor has pretended to qualify and has actually taken possession of the assets of said estate; that the appointment of said executor is null and void for the reason that the deceased was a resident of Story County, Iowa and not a resident of Marshall County, Iowa and that the purported appointment of said executor is null and void; that the District Court of Story County, Iowa has original and exclusive jurisdiction to grant administration and to appoint an executor or administrator of the estate; that it is the desire of this petitioner to file objections and exceptions to the probate of the will when the same shall be lawfully filed for probate in the District Court of Story County, Iowa and that said exceptions and objections cannot be determined until such time as said will shall have been offered for probate in Story County, Iowa. She further asks that a special administrator be appointed to preserve the personal estate of the deceased and to collect the debts owing to said estate and "to take such steps as may be necessary under the law to secure the administration of the estate in Story County and to nullify

all pretended or purported acts of administration heretofore taken by other parties in Marshall County, Iowa."

On July 30, 1940, in the District Court of Story County, Iowa the same court, who later passed on the matter which is now before this court on appeal, entered an order appointing a special administrator. On this date, the special administrator filed an application in which he alleges that it is his duty to collect and preserve the property of the deceased, that he is now unable to do so because of the fact that one W. L. Haesemeyer purports to act as executor of the Mathew Riese estate under authority of an alleged appointment in Marshall County, Iowa, and that said purported executor has possession of all assets of the estate. The special administrator further states, in said application, that it will be necessary for him to take legal action by independent suit or application in the purported probate proceedings now pending in Marshall County, Iowa District Court, and asserts that the said Marshall County District Court is without jurisdiction to administer upon this estate. He further asks authority of the court to take such legal action as he deems necessary and proper to secure the possession and preserve the actual assets of the estate.

Pursuant to the application heretofore referred to the court, on the 30th day of July, 1940, entered an order authorizing and directing the special administrator to take legal action to secure the possession and preserve the assets of said estate and to take such legal steps as may be necessary for the transfer of said estate from the Marshall County District Court to the Story County District Court, or to have said proceedings in Marshall County, Iowa vacated and set aside.

On the 7th day of October, 1940, W. L. Haesemeyer, as executor of the last will and testament of Mathew Riese, by virtue of his appointment by the Marshall County District Court, filed a motion in the District Court of Story County, Iowa, the purport of which was to annul, cancel, and set aside the order appointing a special administrator and the other orders which had been entered in the District Court of Story County, Iowa. The grounds of said motion are summarized as follows: (1) that in probating said will and in issuing said letters testamentary, the District Court of Marshall County,

Iowa necessarily decided that the decedent was a resident of that county and that jurisdiction having been once assumed in Marshall County, the District Court of Story County, Iowa has no right or power to grant special letters of administration while the Marshall County proceedings and the letters testa-- mentary issued by that court, remain in full force and effect; (2) that the proceedings had in the District Court of Story County constitute a collateral attack upon the orders, judgments and proceedings in Marshall County, and such orders, judgments and proceedings are not subject to any such collateral attack; (3) that orderly procedure in probate matters makes it imperative that there be administration in but one court at the same time, and that the granting of letters of special administration by the District Court of Story County was without any right or legality; (4) that the probating of the will, and the issuance of letters testamentary by the District Court of Marshall County, Iowa constituted an adjudication that the residence of the decedent, at the time of his death, was in Marshall County, Iowa, that such finding and adjudication is binding upon the District Court of Story County, Iowa so long as the orders of the District Court of Marshall County, Iowa are not set aside, that the District Court of Story County, Iowa is without authority or power to take jurisdiction of the estate or to make any orders therein, or to issue letters of special administration.

On the 14th of October, 1940, the court ruled on the motion, previously referred to, and sustained the motion to set aside and annul the appointment of the special administrator. Thereafter the special administrator and Anna Mahlow, the other appellant, appealed to this court from this ruling.

Sections of the Code of Iowa which are applicable for consideration in connection with the questions before us are hereafter noted.

"10763 Wills—administration. [In part.] The district court of each county shall have original and exclusive jurisdiction to:

"1. Probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of nonresidents of the state who die

leaving property within the county subject to administration, or whose property is afterwards brought into the county."

"11825 Extent of jurisdiction. The court of the county in which a will is probated, or in which administration or guardianship is granted, shall have jurisdiction coextensive with the state in the settlement of the estate and the sale and distribution thereof."

"11885 Special administrators. When, from any cause, general administration or probate of a will cannot be immediately granted, one or more special administrators may be appointed to collect and preserve the property of the deceased, and no appeal from such appointment shall prevent their proceeding in the discharge of their duties."

■ ■ It will be observed that the appointment of special administrators is conditioned upon the inability to obtain general administration or when the probate of a will cannot be immediately granted. It will be further observed that the court of the county in which a will is probated shall have jurisdiction coextensive with the state. It naturally follows that there cannot be a special administration in one county and a general administration in another county. The appellants, in the present litigation, contend that an action by the special administrator appointed in Story County, Iowa, and brought in the Marshall County District Court, is the proper manner to question the jurisdiction of the probate court of the Marshall County District Court. We do not feel that this is a proper mode to be followed as will be indicated by our comments hereinafter noted. The leading case on the question of jurisdiction as to the administration of estates is that of In re Estate of Kladivo, 188 Iowa 471, 176 N. W. 262. In this last cited case, (page 474 of the Iowa citation, page 263 of the N. W. citation) we find this very pertinent statement:

"In appointing an administrator under this statute [now section 10763, supra], the court necessarily decides whether decedent was a resident of the county over which its jurisdiction extends; for, without so finding, it would be without jurisdiction to appoint. Decisions are not wanting in which it is held that, in a collateral proceeding, proof may be received,

showing such finding erroneous; that decedent was not such resident of the county at the time of his death; and that the grant of letters of administration was void *ab initio*, for want of jurisdiction. [Citing cases.]

" 'The more reasonable doctrine is gaining ground, and is now held in nearly all the states, that letters so granted, while they are voidable when properly assailed, are valid until revoked in a direct proceeding.' "

At a later point in this same case, just previously referred to, we find the following statement on page 476 of 188 Iowa, page 264 of 176 N. W.:

"The doctrine that administration granted in a county other than that of decedent's residence at the time of his death is voidable, rather than void, tends for conservatism, and will avoid largely the evil consequences which might follow in the wake of a different conclusion. Where the question, as in this case, is one of doubt as to the county to which administration belongs, there might be two administrations, debtors might be subjected to verdicts by different juries, and possibly two judgments for the same debt, but by different courts. Confusion might result as to the title of property, both real and personal. We are contented with the doctrine which has prevailed in this state for more than 40 years, and have no hesitancy in deciding that administration granted by the district court of Linn County may be assailed only by direct attack, and, until thus assailed and set aside, there can be no administration of the estate in any other county. In other words, there can be but one grant of administration on the same estate, and jurisdiction, having once attached, will continue until set aside on direct attack by someone interested in the estate." (Citing cases.)

The only error relied upon by the appellants is that the District Court of Story County erred in sustaining the motion of Haesemeyer, as executor, cancelling the appointment of the special administrator and in holding that such appointment in Story County constituted a collateral attack upon the proceedings had in Marshall County and in further holding that all proceedings in Story County, pursuant to such appointment, were void.

The appellants admit that the finding of the District Court

of Marshall County, Iowa that the deceased was a resident thereof, remains a verity and that the letters testamentary will remain in full force and effect, and that the Story County court.cannot exercise general administrative powers over the estate, until such time as the proceedings in Marshall County are vacated by direct attack. Appellants further agree that until such direct attack is successfully made, the District Court of Story County could make no orders legally authorizing any acts of general administration that could in any way interfere with the proceedings had in Marshall County. It was further agreed by the appellants, as shown by their brief and argument, that orderly procedure in probate matters makes it imperative that there be administration in but one court at the same time but they contend that this is true only insofar as it pertains to general administration and does not apply where steps are taken for the purpose of making a direct attack. It is further conceded by the appellants that the probating of the will and the issuance of letters testamentary by the District Court of Marshall County, Iowa constitute an adjudication that the residence of the decedent at the time of his death was in Marshall County, Iowa and that such adjudication, so long as it remains in force, is binding upon the District Court of Story County, Iowa.

The appellants, however, contend that the proceedings had in the District Court of Story County, Iowa, where a special administrator was appointed, do not constitute a collateral attack upon any of the proceedings in Marshall County; that they did not have the purpose or effect of interfering with the proceedings in Marshall County unless and until a direct attack in Marshall County successfully terminated the authority of the Marshall County District Court.

In all the proceedings had in the Story County District Court, the pleadings specifically state that they are filed, and the estate is opened in that county, for the purpose of having a person appointed as special administrator to bring action in the Marshall County District Court for the purpose of questioning the jurisdiction of the Marshall County court. The appellants in their brief summarize the question that is for consideration on this appeal as follows:

404

"The question then is, do these proceedings, *in and of themselves,* constitute a collateral attack upon the jurisdiction of Marshall County or can they rightfully be classed as proper and necessary steps for the making of a direct attack on the jurisdiction of Marshall County."

The case of Ferguson v. Connell, 210 Iowa 419, 230 N. W. 859, deals with this question. In this case there was an original administration in the Linn County District Court. The estate was administered upon, the assets of the estate were distributed, and the estate was closed in that county. Thereafter administration was opened for the same decedent in Page County. The claim of the heirs noted in the Page County proceedings, who were different than the claimed heirs in the Linn County proceedings, was that they were entitled to the proceeds of the estate through the alleged father of decedent. The administrator appointed in the Page County proceedings brought an action against the administrator appointed by the Linn County court and the surety company on his bond, seeking to collect the assets of the estate which it was claimed were improperly distributed by the Linn County administrator. In this last cited case at page 426 of 210 Iowa, page 862 of 230 N. W., this court held:

" * * *. Under Section 10763 of the 1924 Code, supra [same as previously set out], the decedent at his death must have been a resident of the county where jurisdiction is taken. Hence, at the threshold of the proceeding, there is presented a jurisdictional question for the court's determination. Proof of such residence must be furnished by the facts and circumstances. Jurisdiction, therefore, cannot be taken by any court without finding the fact of such residence, and we must assume that the court did so find, unless the record pertaining thereto otherwise indicates."

And continuing, this court in the Ferguson case, at page 426 of the Iowa citation, page 862 of the Northwestern citation, quotes as follows from certain cases as noted:

" 'In appointing an administrator under this statute, the court necessarily decides whether decedent was a resident of the county over which its jurisdiction extends; for, without so find-

ing, it would be without jurisdiction to appoint.' In re Estate of Kladivo (188 Iowa 471), supra.

"'* * * even though decedent's place of residence be a jurisdictional fact, it is one of those jurisdictional facts, as apparent from the language of the above statute, which must be determined by the court from the evidence produced * * *. In other words, the probate court in this state is a court of general jurisdiction, and its proceedings are presumed to be regular until it is shown that they are not. * * * The order admitting a will to probate [under Section 10763, supra,] is effective throughout the state, and may not be collaterally attacked.' Erwin v. Fillenwarth (160 Iowa 210, 214, 215), supra."

And further, on page 427 of the Iowa citation, page 863 of the Northwestern citation in the Ferguson case, this court states:

"Evidence on the part of the appellee, during the trial of the present controversy in Page County, indicated that decedent, when he died, was a resident of Page County. Appellants did not furnish counter testimony to disprove that fact in the Page County proceedings because they took the position that a collateral attack could not be made on a Linn County judgment. If, then, there could be no collateral attack on the Linn County judgment, it was not necessary for appellants to furnish evidence in the Page County proceedings concerning the facts which were actually before the Linn County court. A direct attack alone can be made in the premises. Wherefore, the Page County district court erred, because the proceedings therein amounted to a collateral attack on the judgment of the Linn County district court, and appellants' motion for a directed verdict should have been sustained. Consequently they are entitled to a new trial."

We are of the opinion that the appointment of a special administrator, even for the announced purpose of bringing an action in the Marshall County District Court constitutes a collateral attack upon the Marshall County proceedings. The very appointment of a special administrator in Story County implies that the decedent was a resident of that county at the

time of his death and in itself questions the jurisdiction of the Marshall County court. This jurisdictional question had been previously decided by the Marshall County court in the probating of the will and in the issuance of letters testamentary to the executor named in the will. This appointment cannot be questioned except by direct attack in Marshall County, Iowa and cannot be brought about by the appointment of a special administrator, whose appointment, under the record in this case, was improper. It is the contention of the appellant that the case of In re Rowe, 179 Iowa 541, 161 N. W. 626, is authority for their present action. In this last cited case an administrator was first appointed in Woodbury County, Iowa. Shortly thereafter an administrator was appointed in Monona County, Iowa of the same estate. An action was brought by the Monona County administrator in Woodbury County to annul and set aside the appointment of the first appointed administrator. This proceeding was held proper and a direct attack upon the appointment.

However, in the case of Ferguson v. Connell, 210 Iowa 419, 422, 230 N. W. 859, 861, previously referred to, this court in reviewing this type of litigation and the previous cases stated:

"In 1920, this court, after reviewing many cases, finally concluded that the judgment of the district court first assuming jurisdiction over probate proceedings could not be collaterally attacked unless the records thereof disclosed no jurisdiction." (Citing In re Estate of Kladivo, 188 Iowa 471, 176 N. W. 262.)

The Kladivo case in effect overrules the Rowe case and we now hold it should be overruled. Our reasons are sufficiently set forth in our discussion of this present case.

We are of the opinion, from the study of all the cases passing upon this question and from a résumé of the statutes heretofore noted, that when letters of administration are granted that they remain valid until revoked in a direct proceeding and that under the records in this case the appointment of the special administrator in Story County constituted a collateral attack on the proceedings in Marshall County, Iowa, even though it is stated in the Story County proceedings that they are instigated for the purpose of questioning the jurisdiction of the

Marshall County District Court. For the reasons previously stated, we are of the opinion that the trial court was correct in sustaining the motion to dismiss the proceedings in the Story County court and that the trial court should be affirmed.

Our determination of this case upon the merits of the litigation and an affirmance of the trial court makes it unnecessary for us to pass upon appellee's motion to dismiss this appeal on the ground that proper notice was not served of the appeal. —Affirmed.

HALE, C. J., and MILLER, GARFIELD, SAGER, STIGER, and BLISS, JJ., concur.

OLIVER, J., concurs specially.

OLIVER, J. (concurring specially)—I concur in all the foregoing decision except the last sentence thereof. In my opinion the proposition raised by the motion is jurisdictional and the failure to serve proper notice of appeal would prevent our considering the appeal upon its merits.