ASA BROWN, Administrator of the Estate of DORA EHLER, et al., Appellants, v. HENRY TANK, Appellee.

No. 45518.

MAY 6, 1941.

Spillman & Ptak and Powers & Gilchrist, for appellants.

Kimball, Peterson, Smith & Peterson, for appellee.

WENNERSTRUM, J.—Dora Ehler died June 25, 1939. Her will was admitted to probate by the District Court of Pottawattamie County on July 21, 1939.

On the 21st day of November, 1939 the plaintiff, Asa Brown, having been appointed administrator of the estate of Dora Ehler, deceased in Crawford County, Iowa, on the 17th of November, 1939, filed a petition in equity in the Pottawattamie County District Court against Henry Tank, as an individual. Tank had heretofore been named and had qualified as executor in the estate proceedings in Pottawattamie County.

The petition of Asa Brown as administrator states in substance as follows:

That at the time of the death of Dora Ehler she was an actual resident of Crawford County, Iowa; that notwithstanding the residence of the decedent in Schleswig, Crawford County, Iowa, there was filed for probate in the District Court of Pottawattamie County, Iowa a certain written instrument alleged to be the will of Dora Ehler and that because of her actual residence at the time of her death was concealed from said district court, an order was entered by the Pottawattamie County court admitting said will to probate; that by reason of the fact that the decedent was at the time of her death a resident of Crawford County, Iowa, the District Court of Pottawattamie had no jurisdiction to admit said purported will to probate and that said order is null and void and is of no force and effect; that despite the fact that said order of appointment was void, the said Henry Tank has qualified as such executor and is now illegally acting as such. Plaintiff in its prayer for relief asks that the purported order, admitting the will to probate, as made by the Pottawattamie County District Court on the 21st day of July, 1939 be adjudged and decreed to be null and void

and of no force or effect whatever, and that said purported order be cancelled and expunged and that the defendant be required to account to this plaintiff for such of the assets of the decedent as he may have converted into his hands and that the defendant be ordered to deliver to this plaintiff any property belonging to the decedent, Dora Ehler or any funds in his hands belonging to her estate.

To this petition the defendant filed a motion to dismiss. This motion is summarized as follows: It appears in the plaintiff's petition that the will of Dora Ehler, deceased, was duly admitted to probate in the District Court of Pottawattamie County and that under such conditions, the District Court of Crawford County, Iowa was without jurisdiction to appoint plaintiff as administrator and that under such conditions plaintiff has no legal standing or basis on which to maintain this action; that the probate and administration of the will of Dora Ehler, deceased, by the District Court of Pottawattamie County, Iowa is evidence of the permanent residence of said Dora Ehler as a resident of Pottawattamie County, Iowa and that the administration of said will in the District Court of said county was an adjudication as to the facts of such residence which can only be questioned by a direct attack in the action itself in the District Court of Pottawattamie County, Iowa, or by appeal, and that such adjudication cannot be collaterally attacked in an action in equity such as has been brought by plaintiff; that it appears from the petition that the property which plaintiff is trying to reach is property held by Henry Tank in his official capacity under the direction and supervision of the District Court of Pottawattamie County, Iowa, and as the duly appointed, qualified and acting executor of the estate of Dora Ehler, deceased, and that he holds no property in his personal capacity; that the plaintiff has failed to allege and cannot show that he is without a plain, speedy and adequate remedy at law under the provisions of the statute of Iowa.

Thereafter there was an amendment to the petition filed in which one Dorothy Brumels joins Asa Brown, administrator as plaintiff, and which amendment, in substance states: That the plaintiff, Dorothy Brumels, is a niece of the decedent, Dora Ehler, and, that by reason thereof, is an heir-at-law of her

estate; that it is the intention of the plaintiff, Dorothy Brumels, to contest the admission to probate of the alleged will of Dora Ehler which was filed in the District Court of Pottawattamie County, Iowa and that she has a right, which she desires to exercise, to contest the admission of said will when probated in the county in which the decedent, Dora Ehler, resided at the time of her death, which place of residence was Crawford County, Iowa.

This amendment to the petition was considered in connection with the motion to dismiss and after the submission of said motion the court sustained the motion as filed. The plaintiff elected to stand upon its petition and amendment, and the ruling of the court, and on the 2nd day of October, 1940, a decree was entered dismissing the plaintiff's petition at the plaintiff's cost. The plaintiff has appealed to this court. This court, on the date of the filing of this opinion, has filed an opinion in the matter of the estate of Mathew Riese, deceased, 230 Iowa 397, 297 N. W. 796, in which is raised virtually the same questions that are raised in this case. Comments there made are applicable to the issues presented herein and reference to that case is here made.

It is the contention of the appellants that the District Court of Crawford County, Iowa has sole jurisdiction over wills of persons residing in said county at the time of their death and has the right to administer the estates of such persons, and claims that the action of the District Court of Pottawattamie County, Iowa in purporting to admit the will of Dora Ehler to probate was a void act and did not deprive the District Court of Crawford County, Iowa of jurisdiction to administer her estate.

We are unable to concur with this contention of the appellant. There cannot be two administrations of the same estate at one time and the court first having obtained jurisdiction will continue to hold said jurisdiction until the same is set aside by a direct attack. It cannot be maintained, as the appellants assert, that the appointment in Pottawattamie County, Iowa was void. At the most it is voidable. This is the holding in the case of In re Estate of Kladivo, 188 Iowa 471, 476, 176 N. W. 262, 264, where it is stated:

"The doctrine that administration granted in a county other than that of decedent's residence at the time of his death is voidable, rather than void, tends for conservatism, and will avoid largely the evil consequences which might follow in the wake of a different conclusion. * * *."

Appellants cite numerous authorities to the effect that if a judgment is void it may be attacked collaterally by an action in equity. This undoubtedly is a correct statement of law. However, the Pottawattamie County, Iowa, District Court, in admitting the will to probate, found that it had jurisdiction to administer the estate of Dora Ehler. Ferguson v. Connell, 210 Iowa 419, 426, 230 N. W. 859. At the most the judgment of the Pottawattamie County District Court as to its jurisdiction in the probate proceedings is a voidable judgment and not a void judgment and is not subject to the mode and manner of attack as made by the appellants in this action.

It is the further contention of the appellants that their present action is a direct attack. As to this contention we refer to the definition of direct or collateral attack which is found in 34 Corpus Juris, page 520, section 827, which is as follows:

"A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; and the fact that other incidental relief is also asked is immaterial. * * *. A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; * * *. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral."

In 31 American Jurisprudence, page 205, section 611 we find the following statement, which is to the same effect:

"* * *. Stated affirmatively, this rule is that a collateral attack upon a judgment is an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. * * *."

We hold that the proceedings as instituted by the appellants constitutes a collateral attack upon the Pottawattamie County District Court and its holding that it had jurisdiction, and that such an action cannot be maintained. Ferguson v. Connell, 210 Iowa 419, 422, 230 N. W. 859.

A further reason why the motion to dismiss should be sustained is that:

"It is the general rule of law that where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues and no court of coordinate authority is at liberty to interfere with its action." First Methodist Church v. Hull, 225 Iowa 306, 313, 280 N. W. 531, 534. [Citing cases.]

"* * *. A court of equity cannot interfere with the plain and ordinary proceedings of the probate court in the settlement of estates pending therein." First Methodist Church v. Hull, supra.

See also Anderson v. Meier, 227 Iowa 38, 42, 287 N. W. 250, 252.

It is therefore our conclusion and holding that the district court was correct in sustaining the motion to dismiss and its holding is therefore affirmed.—Affirmed.

HALE, C. J., and MILLER, GARFIELD, SAGER, OLIVER, STIGER, and BLISS, JJ., concur.