MARY ANDERSON et al., Appellants, v. CLAUS SCHWITZER, Appellee.

No. 46706.

OCTOBER 16, 1945.

Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, and Reid L. Hunt, of Tipton, for appellants.

E. C. Halbach, of Clinton, and F. A. Martin, of Wilton Junction, for appellee.

GARFIELD, J.—This appeal involves the sufficiency of count 2 of plaintiffs' amended petition, filed July 8, 1944, and an amendment thereto. Said count states in substance that the two plaintiffs are daughters of defendant, Claus Schwitzer, who is past eighty-eight years old, of unsound mind, and incompetent to manage his property and business affairs; on November 18, 1941, defendant's daughters, Alvena and Rosie Telsrow, procured defendant and his wife to sign a petition under section 12617, Code, 1939, for the appointment of said Alvena and Rosie as guardians of the person and property of their father and mother, had said petition presented to the district court and an order entered appointing the said Alvena and Rosie guardians of the person and property of their father; since then, Alvena and Rosie have been acting as guardians under that appointment; at all times since some years prior to such appointment, defendant has been entirely under the domination and control of his daughters Alvena and Rosie; when guardians for defendant were appointed on November 18, 1941, defendant was, because of mental incapacity, not a person entitled to petition for a guardian under Code section 12617; defendant, because of his existing mental incapacity, should be adjudicated incompetent and a guardianship based upon such adjudication established.

In the prayer plaintiffs ask that the order of November 18, 1941, be set aside, defendant be adjudged of unsound mind, permanent guardian of defendant's person and property be appointed, and such other orders be made as shall be proper.

Defendant and his guardians, Alvena and Rosie Telsrow,

filed a motion to dismiss the above pleading and in support thereof stated in part: Plaintiffs' pleading is an attempt to attack collaterally the prior appointment of guardians and alleges no sufficient cause of action or cause for the appointment of any other guardian for defendant; the pleading shows on its face that a guardian has been appointed for defendant; the method or manner of such appointment is not material in view of the fact that guardians are now acting in the matter; whether defendant is of unsound mind or was when guardians were appointed for him is of no consequence. The court sustained the motion to dismiss on each ground and granted plaintiffs time in which to plead over.

Within the time allowed, plaintiffs filed an amendment to count 2 of their petition, in which they alleged in substance that the order of November 18, 1941, was void because: Defendant was a lunatic at the time and therefore could not petition for the appointment of a guardian; the application purported to be made by defendant and his wife was not in fact their application but was the application of Alvena and Rosie Telsrow, by whose counsel it was presented, and the order was obtained in furtherance of their purpose and design to obtain complete control and dominion over defendant's person and property.

Defendant and his guardians filed a motion to strike the foregoing amendment because it does not add matters sufficient to avoid the insufficiency of count 2 and is an improper collateral attack on the order of November 18, 1941. The court sustained this motion upon each ground. Plaintiffs did not plead further but filed a written election to stand on the record theretofore made and appealed to this court.

I. A vital question presented by this appeal is whether the powers and duties of a guardian appointed under Code section 12617 upon the ward's own application are as broad as the powers and duties of a guardian appointed under section 12614. As stated, count 2 of the petition alleges that since November 1941 defendant has been under guardianship pursuant to a petition signed by him. Concededly, defendant is a fit and proper subject for guardianship. Plaintiffs so allege and seek to have a guardian appointed. Defendant and the acting guardians contend that in view of the existing guardian-

ship it is unnecessary and improper to have another guardian appointed under section 12614.

Plaintiffs seek to avoid defendant's contention by the argument that under the statutes there are two distinct classes of guardianship: a limited one, under section 12617, and a general guardianship based on an adjudication of unsoundness of mind, under section 12614. We are told in effect that the appointment of a guardian under 12617 is insufficient protection for an incompetent because the ward is free to act for himself in certain respects and the guardian is a mere agent.

In our opinion there is no distinction between the powers and duties of a guardian appointed under section 12617 and one appointed under 12614. The statutes make no such distinction and we are powerless to do so. In fact, as we shall point out, the statutes in effect affirmatively provide there is no such distinction. We are compelled, therefore, to reject plaintiffs' contention that there are the two distinct classes of guardianship.

Section 12614, under which plaintiffs seek to have a guardian appointed for defendant, is as follows:

"When a petition, verified by affidavit, is presented to the district court that any inhabitant of the county is: 1. An idiot, lunatic, or person of unsound mind; or 2. An habitual drunkard, incapable of managing his affairs; or 3. A spendthrift who is squandering his property; and the allegations of the petition are satisfactorily proved upon the trial, the court may appoint a guardian of the property of such person."

Section 12617, under which the acting guardians were appointed, reads:

"Any person, other than an idiot or lunatic, may, upon his own application, by verified petition, have a guardian appointed for his person or property, or both, if, in the opinion of the district court or judge to whom the petition is presented, said appointment would inure to the best interest of said applicant."

What is now section 12614, so far as material here, was formerly section 3219, Code of 1897, and section 6670 of the

Compiled Code, 1919. What is now section 12617 was originally enacted in 1923 by the Fortieth General Assembly (chapter 199) as an amendment to section 3219, Code of 1897 (the present section 12614), "by adding thereto as paragraph four the following: 4" (here follows substantially what is now section 12617). A year later this section as it stood following this amendment was, by the Fortieth Extra General Assembly (chapter 162, Unpublished Acts), divided into four sections corresponding to the present sections 12614 to 12617, inclusive. The only statutory provision which deals with a guardian appointed on the ward's own application is the present 12617. The identical statutes that prescribe the powers and duties of a guardian appointed under 12614 (on the application of another) also prescribe the powers and duties of a guardian appointed under 12617 (on the ward's own application). This is made clear by section 12613, which reads:

"The provisions of chapters 539 and 540, and all other laws relating to guardians for minors, and regulating or prescribing the powers, duties, or liabilities of each, and of the court or judge thereof, so far as the same are applicable, shall apply to guardians and their wards appointed under sections 12614 to 12618, inclusive."

The important, broad provision of statute prescribing the powers and duties of guardians is section 12581 (formerly section 2250, Code of 1873, with some changes not material here). Bates v. Dunham, 58 Iowa 308, 310, 12 N. W. 309, 310. Section 12581 reads:

"Guardians * * * must prosecute and defend for their wards, may employ counsel therefor, lease lands, loan money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof."

Section 12581, in chapter 539, is made directly applicable by section 12613, heretofore . quoted, to guardians appointed under section 12617 as well as those appointed under section 12614.

It must be admitted there is language which gives some

770

support to plaintiffs' contention in three of our cases: Dean v. Estate of Atwood, 221 Iowa 1388, 212 N. W. 371; In re Guardianship of Meinders, 222 Iowa 236, 268 N. W. 537; In re Guardianship of Ridpath, 231 Iowa 977, 2 N. W. 2d 651. The actual decisions in these cases are right. The language upon which plaintiffs rely is in the nature of dictum or, in any event, entirely unnecessary to the decisions.

In Dean v. Estate of Atwood, supra, a guardian had been appointed on the application of a mentally competent ward prior to the enactment of what is now section 12617 and before there was any statutory authority therefor. The ward and her guardian, without court approval, contracted with plaintiff to furnish the ward board, room, and other necessaries. We held plaintiff could recover for such necessaries. Before the case was decided on appeal, section 12617 had been enacted and the opinion unnecessarily and by way of dictum states that a guardian appointed under this section (which was in no way involved in the case) is but a trustee or agent of the ward.

This language in the Dean case is quoted in In re Guardianship of Meinders, supra. In the Meinders case the ward and his mother objected to an investment of $2,150, by a guardian appointed under 12617, for a home which the ward had occupied rent free for nearly seven years. Part of that time the mother also occupied the property without paying rent. The ward and his mother investigated the property before it was purchased. Basis of the decision is that the ward, who was competent, and the mother were estopped to object to the investment on the sole ground that it was not made with court approval. For a discussion of the theory of estoppel in such cases, see annotation 128 A. L. R. 4.

In re Guardianship of Ridpath, supra, quotes the same language from the Dean case, as well as from the Meinders case, and observes that a ward for whom a guardian has been appointed under 12617 "is not limited in the same manner in the control of his affairs as in general guardianships." [231 Iowa 983, 2 N. W. 2d 654.] In the Ridpath case objections were made, after the lapse of some five years, to a transfer

of property in California by a guardian appointed under 12617 to a daughter of the ward in return for her agreement to furnish care and nursing to the ward and his wife during their lifetimes. The contract providing for the transfer was duly approved by the court and the only lack of formality was failure of court approval of the deeds to the California property. We held the belated objections to the guardian's report of his doings in the matter were properly overruled.

It is doubtless true that a guardian, whether appointed under 12614 or 12617, is in some respects a trustee or agent. See 25 Am. Jur. 8, section 4; 2 Am. Jur. 15, section 5; 39 C. J. S. 8, 9, section 1; 2 C. J. S. 1027, section 2c. But it is not accurate to say that a guardian appointed under 12617 is ''a mere'' trustee or agent. We now hold that a guardian so appointed is in fact a guardian with all the powers and duties of a guardian appointed under 12614. The ward is as fully protected by a guardianship established under 12617 as by one under 12614. In support of our holding see Foss v. Twenty-five Associates of Roxbury, 239 Mass. 295, 131 N. E. 798; State v. Madison Circuit Court, 193 Ind. 20, 138 N. E. 762.

II. Count 2 of the petition as amended alleges that the 1941 order is void because defendant was a lunatic and therefore could not petition for a guardian. The allegation that the order is void is, of course, but a legal conclusion, not admitted by the motions, unless the pleaded fact that defendant was a lunatic warrants the conclusion. 41 Am. Jur. 302, 303, section 19; 41 Am. Jur. 461, section 243; Bogaard v. Independent Dist., 93 Iowa 269, 271, 272, 61 N. W. 859.

Since the petition alleges that defendant was a lunatic and he was therefore a proper subject of guardianship at the time the guardians were appointed, and that is still his condition, it would seem to be of no consequence that defendant was a lunatic in 1941, in view of our conclusion in Division I that the existing guardianship has the same legal effect as if the appointment had been made under section 12614. The substance of plaintiffs' contention is that a guardian should have been appointed under 12614. At least, plaintiffs now seek such appointment. Under the pleaded facts, it seems to

us not material at this time that the appointment was under 12617 rather than 12614.

Further, we think the allegation that defendant was a lunatic at the time the guardians were appointed is an unallowable attempt to attack collaterally the 1941 order. In Brown v. Tank, 230 Iowa 370, 374, 297 N. W. 801, 803, 804, we quote with approval the following from 34 C. J. 520, section 827:

" 'A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; and the fact that other incidental relief is also asked is immaterial. * * * A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it * * * In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.' "

And at page 375 of 230 Iowa, page 804 of 297 N. W., this is quoted with approval from 31 Am. Jur. 205, section 611:

" ' * * * a collateral attack upon a judgment is an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action.' "

Applying the foregoing tests here, the attempt is to impeach the 1941 order by matters outside the record, in an action other than that in which the order was made, brought some two and one-half years later, having for its purpose an adjudication of mental incapacity and the appointment of a new guardian for defendant. It is not claimed there is any statutory authority for the bringing of the action. Our conclusion that this is a collateral attack finds support not only

in Brown v. Tank, supra, but also in In re Estate of Riese, 230 Iowa 397, 297 N. W. 796; Ferguson v. Connell, 210 Iowa 419, 230 N. W. 859; Newcomer v. Newcomer, 199 Iowa 290, 292, 293, 201 N. W. 579; In re Estate of Kladivo, 188 Iowa 471, 176 N. W. 262, and cases cited in those opinions; 1 Freeman on Judgments, Fifth Ed., 604–610, section 306.

Plaintiffs argue that even if their attack on the previous order is collateral, it may be maintained because the order is void for want of jurisdiction. In our opinion, however, the 1941 order is not void. It is true that a lunatic is not entitled under 12617 to petition for a guardian. However, it must be presumed unless the contrary appears from the record that when the petition was presented to the probate court, it found that defendant was a person entitled to file the petition. It is not claimed the record indicates that defendant was a lunatic at the time.

In making the order the court necessarily found that defendant was not a lunatic and that it had jurisdiction to appoint the guardians. That defendant was entitled to petition for a guardian was one of those jurisdictional facts which the court was required to determine and such determination is final unless set aside upon appeal or other direct attack. See authorities last above; also, Dean v. Estate of Atwood, supra, 221 Iowa 1388, 1390, 212 N. W. 371, 372, where one not authorized by statute petitioned for a guardian for himself, and we said:

"Although the order of appointment * * * may be viewed as improvident and inadvertently entered, it must be considered at this time as a verity."

See, also, Soules v. Robinson, 158 Ind. 97, 62 N. E. 999, 92 Am. St. Rep. 301; Wolf v. Gills, 96 Okla. 6, 219 P. 350.

In this connection we may observe that the district court when sitting in probate is a court of general jurisdiction and the same prohibition against collateral attack applies to judgments in probate as to those in law and equity. Erwin v. Fillenwarth, 160 Iowa 210, 215, 137 N. W. 502, and cases cited; Marsh v. Hanna, 219 Iowa 682, 684, 259 N. W. 225; 34 C. J. 518, section 824; 34 C. J. 545, section 846.

III. The amendment to count 2 also alleges that the 1941 order is void because the application which purported to be made by defendant and his wife was not in fact their application but was the application of Alvena and Rosie Telsrow, and the order was obtained in furtherance of their purpose to obtain control over defendant's person and property. This allegation must be considered in connection with the allegation of count 2 that Alvena and Rosie "procured" defendant and his wife to sign the application, and adds little if anything to this part of the former pleading.

Just what plaintiffs claim for these allegations of count 2 and the amendment is not clear. There are authorities to the effect that where the court is induced by fraud and deception to assume jurisdiction, the judgment so obtained is void and may be collaterally attacked. It is sometimes said that an attack on a judgment is direct where the attack is based on fraud practiced in inducing the court to assume jurisdiction. See Reidy v. Chicago, B. & Q. R. Co., 216 Iowa 415, 418, 249 N. W. 347; Beeman v. Kitzman, 124 Iowa 86, 88, 99 N. W. 171; 1 Freeman on Judgments, Fifth Ed., 613, 615, section 308; 31 Am. Jur. 191, 192, section 595. Plaintiffs do not invoke this theory in argument and we are not inclined to hold that it is applicable here. We think these allegations also constitute an unwarranted collateral attack on the 1941 order. As having some bearing, see Reidy v. Chicago, B. & Q. R. Co., supra; Montagne v. Cherokee County, 200 Iowa 534, 537, 538, 205 N. W. 228.

In our opinion, count 2 of plaintiffs' petition was properly dismissed and the amendment thereto properly stricken. —Affirmed.

MILLER, C. J., and OLIVER, BLISS, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HALE, J., not sitting.