NELLIE REIMERS et al., Appellees, v. JAMES McELREE et al., Appellants.

No. 47013.

July 29, 1947.

Cook & Drake, of Glenwood, for appellants.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, and George F. Rose, of Fullerton, Nebraska, for appellees.

Hays, J.—Plaintiffs, as heirs at law of Joseph L. McNay, deceased, ask that title to two hundred forty acres of land located in Pottawattamie county be quieted in them as against the claims of the defendants. Defendants are the heirs at law of Annie E. McNay, deceased. The claim of defendants is predicated upon a decree entered in Pottawattamie county in 1909, Case No. 16915, which quieted title to said premises in Annie E. McNay. Plaintiffs allege said decree was fraudulently obtained and is void. The trial court so held and quieted the title in plaintiffs.

In 1874 Joseph L. McNay acquired title to the NE¼, Section 35, and in 1892, to the S½ SE¼, Section 26, Township 74 North, Range 42, West Fifth P.M., being the real estate involved herein. Joseph L. McNay and Annie McElree (Annie E. McNay) were married in 1882. No children were born to this union.

From the time of her marriage until her death in 1944 Annie E. McNay resided on the premises in question. In 1908 Joseph L. McNay died testate. By the terms of his will, executed in 1903, he gave his wife, Annie E. McNay, all personal property, fee title to some real estate not here involved, and as to the real estate in question, to her ''to have and to hold during her natural lifetime only.'' No other or further disposition of this property is made in this will. Annie E. McNay qualified as administratrix with will annexed and administered said estate.

In December 1908, Annie E. McNay, as plaintiff, filed her petition in equity in Council Bluffs, Pottawattamie county (Case No. 16915), alleging that she is the owner in fee of the real estate in question by virtue of purchase from Joseph L. McNay in 1900 for the sum of $14,000, which was paid; that the deed for same, after delivery to her, was given to Joseph L. McNay to record, which was not done; that she did not know of this until the time of the suit and asks that she be decreed to be the owner thereof. The defendants named therein were the heirs at law of Joseph L. McNay, together with others. Affidavit was filed in accordance with section 3534, Code, 1897, and notice published in accordance with section 3535, Code, 1897, in the Minden News, a newspaper published in Minden, Pottawattamie County, Iowa. All of the defendants defaulted and on March 26, 1909, a decree was entered in said cause quieting title in Annie E. McNay.

On June 15, 1944, Annie E. McNay died testate, the terms of her will providing that all of her property shall pass to her heirs at law, in accordance with the laws of descent of the state of Iowa. Administration was granted on said estate. The real estate in question was listed as assets of the estate and on August 12, 1944, an order authorizing the sale of said real estate to pay debts of the estate was entered. On October 23, 1944, this action was commenced.

The pleadings are somewhat voluminous, but plaintiffs–appellees claim ownership to said premises as heirs at law of Joseph L. McNay. They allege that, due to fraud perpetrated upon the court by Annie E. McNay, the decree in Cause No.

16915 is a nullity. Defendants–appellants deny the fraud, assert the decree, being a valid and binding decree, is not subject to collateral attack. They also plead various statutes of limitations and ask that title be quieted in them as the heirs of Annie E. McNay. The trial court held the decree in Case No. 16915 to be a nullity and quieted the title in plaintiffs–appellees.

Many propositions are urged on this court as a basis for reversal, as are also many advanced as a basis for an affirmance. Each side submits ten propositions. However, these various propositions may be consolidated into the two real questions presented on this appeal.

These two questions are: (1) Is the decree entered in 1909 (Case No. 16915) a valid and binding decree and therefore not subject to attack in this proceeding? (2) Assuming the decree to be void and fraudulent, is this action barred by statutes of limitation?

■ Is the decree in Cause No. 16915 valid and not subject to collateral attack? Neither party seriously contends that this is not a collateral attack. In 31 Am. Jur., Judgments, section 611, a collateral attack is said to be:

" * * * an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action."

See, also, Brown v. Tank, 230 Iowa 370, 297 N. W. 801; Anderson v. Schwitzer, 236 Iowa 765, 20 N. W. 2d 67. The instant case is clearly a collateral attack upon the 1909 decree.

Sections 4091 and 4092, Code, 1897, effective at the time the decree in Case No. 16915 was rendered, and Rules 252 and 253, Rules of Civil Procedure, effective at the time this suit was brought, are substantially the same. Rule 252(b) provides that the court may correct, vacate, or modify a judgment or order or grant a new trial on any of several grounds, one being "Irregularity or fraud practiced in obtaining the same." Rule 253 provides that such petition must be filed in the original cause within one year after the rendition of such judgment. The

instant action is an independent suit in equity brought thirty-five years after the rendition of said judgment.

Appellees contend above rules have no applicability to the suit in question; that the decree, being void, by fraud, the same may be attacked collaterally at any time in an independent action. That this is a correct rule of law is not disputed by appellants. The dispute between the parties arises over the determination of whether or not fraud existed and, if so, whether the same was extrinsic or intrinsic. Both parties concede that "only where the fraud is shown to be extrinsic," in other words, "matters dehors the record," can an independent action be maintained. See Anderson v. Schwitzer, supra, 236 Iowa 765, 20 N. W. 2d 67, and authorities there cited.

The announced rule in this state is that:

" ' * * * acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.' " Tucker v. Stewart, 121 Iowa 714, 716, 97 N. W. 148, 149, quoting from United States v. Throckmorton, 98 U. S. 61, 68, 25 L. Ed. 93.

See, also, Graves v. Graves, 132 Iowa 199, 205, 109 N. W. 707, 709, 10 L. R. A., N. S., 216, 10 Ann. Cas. 1104, where we say:

" * * * we need only restate the doctrine; which is that false swearing or perjury alone is not ground for setting aside or vacating a judgment. But, if accompanied by any fraud extrinsic or collateral to the matter involved in the original case sufficient to justify the conclusion that but for such fraud the result would have been different, a new trial may be granted."

It is also the established rule in this state that, where the court had jurisdiction both of the person and the subject matter, a judgment is conclusive against collateral attack, though it be erroneous. Allen v. First Nat. Bk., 191 Iowa 492, 180 N. W.

675; Ferguson v. Connell, 210 Iowa 419, 230 N. W. 859; Watt v. Dunn, 236 Iowa 67, 17 N. W. 2d 811.

The record shows that the real estate in question is located in Pottawattamie County, Iowa. The trial court in the original decree and in the instant case found that under the record there was compliance with the statutes relative to service by publication. It is conceded that the defendants therein were nonresidents. Under the record the trial court, in Cause No. 16915, had jurisdiction over both the subject matter and the parties to the action. Unless the alleged fraud was such as to deprive the court of jurisdiction over the parties under the established rule in this state, the trial court in the instant case was in error and the decree entered therein must be reversed.

■ Fraud as used in cases of this kind is used in its ordinary sense " ' * * * and it would include any act, omission, or concealment which involves a breach of legal or equitable duty, trust or confidence, and is injurious to another, and by which an undue or unconscientious advantage is taken of another'." Lumpkin v. Snook, 63 Iowa 515, 518, 19 N. W. 333, 334, quoting from Story's Equity Jur., section 187. See, also, Shaw v. Addison, 236 Iowa 720, 730, 18 N. W. 2d 796. To warrant the setting aside of a judgment in a collateral proceeding for fraud, the evidence should clearly establish the fraud. Hulverson v. Hutchinson & Co., 39 Iowa 316.

■ Appellees urge as fraud many incidents which appear from the record in Cause No. 16915. It is claimed the publishing of the notice in the Minden News, the action being brought in Council Bluffs, and the defendants, or at least a part of them, living in Omaha, shows a desire upon the part of Annie E. McNay, plaintiff in said case, to prevent the defendants from obtaining actual notice of the suit. Conceding this to be true, yet, in the absence of a duty, secret intent is not fraud. It is admitted by all parties that the plaintiff therein complied with all the statutory requirements necessary to obtain jurisdiction. If the secret intent of each plaintiff in an action is subject to review as a fraud, then there will be no end of litigation. There being no legal duty on the plaintiff to do other than the law directs there can be no fraud for not so doing.

■ Again, appellees claim fraud from the fact that in 1908, just shortly prior to the commencement of the action, Annie McNay, as administratrix with the will annexed of the estate of Joseph L. McNay, listed the real estate in question as the property of Joseph L. McNay. While this fact might well have a material bearing upon the credibility of her claim as owner, filed a few months later, it is not a fraud in the sense as used in this type of action. If considered as a fraud, it is clearly intrinsic and not extrinsic, as it does nothing more than bear upon the truth or falsity of the claim of ownership and in no respect is it connected with jurisdiction.

■ Appellees further claim that Annie McNay, as administratrix of the Joseph L. McNay estate, occupied a fiduciary relationship to the heirs of said decedent, such as to have required the revealing to them of the existence of this decree, and her failure to do so constitutes fraud. It must be borne in mind that it is real estate, not personal property, that was in question in Case No. 16915. In Richman v. Ady, 211 Iowa 101, 232 N. W. 813, we held that an administrator under the Iowa statutes has no duty to perform or power to act with respect to real estate of the deceased unless and until he is authorized by a court of competent jurisdiction to sell to pay debts. See, also, Restatement of the Law, Trusts, section 6; 21 Am. Jur., Executors and Administrators, section 288. The same rule is applicable to an executor, with the further provision that an executor may, under the terms of the will, be directed to handle the real estate, in which case there would be a duty imposed toward all interested in the same. There was no fiduciary relationship; hence, there was no duty to speak, and a failure to so do cannot be deemed fraud. Furthermore, the record shows that never, during the thirty-five years since the decree, did any of the defendants inquire as to the real estate or make any investigation thereof. While it is true, by the terms of the will, Annie E. McNay's possession may well have been that of a life tenant, it is equally true that, under the terms of the decree, the possession may well have been that of the fee title owner. Both instruments were public records. Each gave equal notice to the world.

It is urged that Annie E. McNay, having qualified as administratrix with will annexed and having accepted the benefits of the will, elected to accept the life estate in the real estate and cannot be heard to claim an additional interest, and hence her claim constitutes fraud. It is true that we have held many times that where the surviving spouse qualifies as executrix and administers the estate she will be deemed to have elected to take under the will rather than to claim her distributive share. We still adhere to that rule, but the same has no bearing upon the point in issue. There is no question here as to election between the terms of the will and a distributive share. The question here is one of ownership of property, not of descent or devise.

Again, appellees contend that there is no evidence of the deed being delivered to Annie McNay or that the $14,000 had been paid. These matters were alleged as facts in the petition. They were questions to be adjudicated and necessarily involved in the case made. The defendants, though legally served with notice, defaulted. The trial court especially found that the allegations of plaintiff's petition were true, which included the delivery of the deed and the payment of the money. Assuming that these statements were false, a fact which the record does not show by any clear and satisfactory proof, still such is not sufficient to warrant the setting aside of this decree. See Ruppin v. McLachlan, 122 Iowa 343, 98 N. W. 153; Graves v. Graves, 132 Iowa 199, 109 N. W. 707, 10 L. R. A., N. S., 216, 10 Ann. Cas. 1104.

Appellees rely a great deal upon the case of Frisbie v. Chase, 161 Iowa 133, 140 N. W. 842. That was a quiet-title action and in many respects the facts are similar to the case at bar. There the court found fraud and ordered a trial upon the merits. However, in that case the only defense was a denial of the fraud. The decree in question had been entered five or six years before, but no objection appears to have been raised as to the period of time that had elapsed since the rendition of the decree. In view of the issues presented on this appeal, that case is not in point.

We have gone to considerable length in examining the various incidents claimed by appellees to be fraud such as rendered the decree void. Even assuming that they constitute fraud, which we do not so hold, still they are not "matters dehors the record" such as to come within the rule announced in the Graves case, supra. The record at best shows circumstances which might imply perjury but utterly fails to show fraud which induced the court to assume jurisdiction in the case. It utterly fails to show "fraud extrinsic or collateral to the matter involved in the original case sufficient to justify the conclusion that but for such fraud the result would have been different." Graves v. Graves, supra, 132 Iowa, at page 205, page 709 of 109 N. W.

The decree entered in 1909 in Case No. 16915, being entered by a court of competent jurisdiction, having jurisdiction of both the subject matter and the parties, is not subject to collateral attack and appellees' petition should have been dismissed and title quieted in appellants.

In view of our holding on the first proposition urged by appellants, it is not necessary to determine the applicability of the statutes of limitation and we do not determine that question.

The decree of the trial court, being erroneous, the same should be and is—Reversed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.