# IN THE COURT OF APPEALS OF IOWA

No. 21-0576
Filed March 2, 2022

**JAMES RAGEN WHEELER,**
    Plaintiff-Appellant,

**vs.**

**LINDA S. BELL,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

James Wheeler appeals the dismissal of his petition to foreclose a mechanic's lien. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Kevin J. Kuckelman, Keokuk, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

James Wheeler appeals a summary judgment ruling dismissing his petition to foreclose a mechanic's lien. "Although an action to enforce a mechanic's lien is in equity, this case involves an appeal from a ruling on motions for summary judgment and is thus reviewed for corrections of errors at law." *Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 535 (Iowa 2019).

In November 2017, Kevin Wheeler died. Kevin's brother James performed work on Kevin's house over several months in 2017, finishing his work in December. In January 2018, James posted a mechanic's lien notice against the property for $11,500 with the secretary of state and listed "Jeannie Wheeler & Estate of Kevin Wheeler" (Estate) as the current property owners. Two judgment liens were outstanding on the property at the time of Kevin's death, totaling more than $23,000.

The Estate attempted to sell the property in 2018, but the sale fell through. James's mechanic's lien was listed on the Estate's motion to sell the real estate; James filed an objection to the sale and a motion to intervene in the probate court. In November 2018, James and the Estate entered into a stipulation to sell the property. The probate court approved the stipulation and the parties' agreement that a hearing would determine the distribution of the sale proceeds. After the second sale of the property fell through, the probate court authorized an auction of the real estate. In April 2019, Linda Bell's high bid secured the property for approximately $17,000.

An interlocutory report on the sale was filed with the probate court, asserting the two judgment liens had priority over the mechanic's lien in disbursing the

proceeds from the auction. On July 17, the probate court approved the sale and directed the distribution of the proceeds. The order stated:

> FURTHER, that the judgment lien . . . entered on November 2, 2009 . . . is a first and prior lien on the subject property and any remaining proceeds of the sale shall be paid to the Clerk of Court for credit on that judgment. Pursuant to Iowa Code section 572.18, James Wheeler's claimed mechanic's lien is not prior to such judgment lien;
> FURTHER, that the sale, having been found to be reasonable and equitable, all proceeds having been disbursed in accordance with this Order Approving Sale and For Disbursement of Proceeds, any and all remaining liens, claims, or interests in the property are hereby extinguished;
> THEREFORE, the Administrator is hereby authorized to execute a Court Officer's Deed transferring title to the purchaser at the auction, free and clear of all liens and encumbrances against said real estate, with the proceeds being distributed pursuant to this Order.

In August, Bell completed the purchase and took possession of the property via the court officer's deed. James then filed a petition to foreclose the mechanic's lien against Bell's property.

Bell's answer stated the lien was "adjudicated as extinguished and unenforceable by the [probate] court," she "reasonably relied upon the court's order," and James failed to provide required notice and therefore was not entitled to a mechanic's lien. Bell filed a motion for summary judgment asserting "[a]ll matters raised in this action have been previously ruled upon by this court in the [Estate probate case] and asserting James failed to [give proper] notice and perfect his mechanic's lien." Bell contends the doctrine of claim preclusion prohibits the relief James requests. James resisted, stating the probate court did not rule on the enforceability of the mechanic's lien and the statutory notice requirements were not applicable.

The district court determined the probate court considered the mechanic's lien in its order disbursing the proceeds of the property sale and title transferred to Bell free and clear of all liens and encumbrances. The court granted Bell's motion for summary judgment and dismissed James's petition to foreclose the mechanic's lien. James appeals.

"[T]he district court when sitting in probate is a court of general jurisdiction and the same prohibition against collateral attack applies to judgments in probate as to those in law and equity." *Anderson v. Schwitzer*, 20 N.W.2d 67, 71 (Iowa 1945). "To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case." *Pavone v. Kirke*, 807 N.W.2d 828, 836 (Iowa 2011).

By bringing suit against Bell—the successor owner—to foreclose a mechanic's lien filed against the Estate, James necessarily recognizes privity between Bell and the Estate. He does not argue the probate court's ruling was not a final judgment. Instead, he asserts the probate court made no finding on the validity of the mechanic's lien or whether he was entitle to foreclose the lien.

Not only could the probate court consider James's mechanic's lien, it *did* consider and ruled upon the lien against the property. The probate court expressly considered James's mechanic's lien in its order and found it was junior to other pre-existing judgment liens. The court then specifically ruled "any and all remaining liens, claims, or interests in the property are hereby extinguished."

The district court determined James had the opportunity to appeal the probate court's ruling that extinguished his lien and did not. Nor did James object to the April 2020 final report for the Estate, though James had notice by that time Bell was asserting she had clean and clear title. The district court granted Bell summary judgment, ruling "the validity of the mechanic's lien as to the real estate owned by [Bell] was previously determined in [the Estate's] probate case."

We agree with the district court and find the probate court order precludes James's claim here. The probate court's language was clear and unambiguous in extinguishing *all* liens in the property. James did not appeal the order extinguishing the mechanic's lien and transferring title "free and clear of all liens and encumbrances." James's claim amounts to an impermissible collateral attack on the probate court's ruling extinguishing all liens on the property. Bell was entitled to judgment as a matter of law, and we affirm.

**AFFIRMED.**